## PARSHAY v. WARDEN OF MARQUETTE PRISON

1. MANDAMUS—REQUIREMENTS.

> Plaintiff's motion to restrain the warden of the prison in which the plaintiff was an inmate from interfering with the prisoners' right to speak and to have unlimited mail privileges was not a complaint for *mandamus*, even though the plaintiff claimed his complaint was for *mandamus*, where there was no showing of a clear, legal right in the plaintiff or a clear, legal duty to act or desist, requiring no exercise of discretion on the part of the warden.

2. PRISONS — WARDEN — NATURE OF POSITION — SUPERINTENDING CONTROL.

> A warden of a state prison is not an inferior tribunal within the meaning of the court rule governing superintending control; a warden is a member of a state administrative agency, the Department of Corrections (GCR 1963, 711.1).

3. PRISONS—WARDEN—INTERNAL DISCIPLINE—NATURE OF FUNCTION —SUPERINTENDING CONTROL.

> A warden of a prison in making rules administering internal discipline at the prison is not acting in a judicial or quasi-judicial manner, but is acting in a purely administrative manner; therefore, a warden is not subject to an order of superintending control, because the "inferior tribunals" referred to in the court rule governing superintending control refer to administrative agencies which act in judicial or quasi-judicial proceedings (MCLA § 800.9; GCR 1963, 711.1).

4. PRISONS—VALIDITY OF RULES—PROCEDURE—ADMINISTRATIVE LAW.

> The proper way for a prison inmate to test the validity or proper legal applicability of the rules and orders of the prison warden

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Prisons and Prisoners § 4.
[2, 3] 41 Am Jur, Prisons and Prisoners §§ 10–14, 21.
[4] 41 Am Jur, Prisons and Prisoners §§ 36, 37.

is to seek a declaratory ruling from the Department of Corrections with specific regard to his complaint; if the agency denies the prisoner's request or fails to act upon it expeditiously, then the prisoner can bring an action for declaratory judgment in circuit court (MCLA § 24.264).

Appeal from Marquette, Bernard H. Davidson, J. Submitted Division 3 January 6, 1971, at Grand Rapids. (Docket No. 7982.) Decided February 17, 1971.

Complaint for superintending control by Fred Parshay against Raymond Buchkoe, Warden of Marquette Prison. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

Fred Parshay, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for defendant.

Before: HOLBROOK, P. J., and McGREGOR and T. M. BURNS, JJ.

HOLBROOK, P. J. This is an appeal by right from the circuit court's grant of accelerated judgment dismissing plaintiff's "motion for superintending control" for failing to state a claim upon which relief can be granted.

Plaintiff is a state prisoner. See *People* v. *Parshay* (1967), 379 Mich 7; *People* v. *Parshay,* Jackson County number X4–408, Court of Appeals number 6463, *leave to appeal denied,* Supreme Court number 52422–1/2, October 13, 1969, 382 Mich 784; *People v. Parshay,* Recorder's Court number A–69499, Court of Appeals number 5083, *leave to ap-*

*peal denied,* Supreme Court number 52370–1/2, October 13, 1969, 382 Mich 784.

Plaintiff filed his motion in the Circuit Court for Marquette County and complained that he and other inmates were improperly denied their rights to have unlimited mail privileges and freedom to speak as they desired while they are inmates of the prison. These and other restrictions placed upon the inmates by the warden were sought to be restrained.

The trial court treated the motion as one for *habeas corpus* under GCR 1963, 711.2. GCR 1963, 806.2(4) originally required leave to appeal whether an original writ was granted or denied. Under the present rules, final orders granting or denying writs of superintending control, *mandamus,* or *quo warranto* are appealable as of right as is a final judgment in any civil action. GCR 1963, 806.1. Orders of denial in *habeas corpus* proceedings are not appealable as of right. They may be renewed by filing an original complaint in the Court of Appeals.

If this case is treated as founded on *habeas corpus,* it is not properly before us. Moreover, no facts are alleged below or are here alleged to justify the granting of any relief under *habeas corpus.*

Plaintiff now alleges that his complaint was for *mandamus;* it was referred to below as a complaint for writ of *habeas corpus* and as a petition for injunction as well as a motion for superintending control.

Plaintiff's motion obviously cannot be grounded in *mandamus* for there is no showing of a clear, legal right in the plaintiff or a clear, legal duty to act or desist, requiring no exercise of discretion on the part of the defendant. *Taylor* v. *Ottawa Circuit Judge* (1955), 343 Mich 440.

Treating the motion as one for superintending control as it was entitled by plaintiff, we come to the

issue: Is the warden of a state prison an "inferior tribunal" within the meaning of GCR 1963, 711.1?[1] The warden is granted by statute general superintendence concerning matters of internal discipline. MCLA § 800.9 (Stat Ann 1954 Rev § 28.1379). Defendant is not an inferior tribunal. He is a member of a state administrative agency, the Department of Corrections. The "other tribunals" referred to in the court rule are administrative agencies which act in judicial or quasi-judicial proceedings. In making rules administering internal discipline at the prison, the warden is not acting in a judicial or quasi-judicial manner. These actions are purely administrative and therefore not subject to a mandatory order of superintending control.

Plaintiff cannot prevail when we consider his motion as one for superintending control.

There is a method provided by statute whereby the plaintiff may test the validity or proper legal applicability of the rules and orders of the defendant as applied to him. Such action is provided by statute for a declaratory judgment as set forth in the Michigan Administrative Procedures Act. MCLA 1970 Cum Supp § 24.201 *et seq.* (Stat Ann 1970 Cum Supp § 3.560[101] *et seq.*).

MCLA 1970 Cum Supp § 24.264 (Stat Ann 1970 Cum Supp § 3.560[164]), provides in part:

"Unless an exclusive procedure or remedy is provided by a statute governing the agency, the validity

---

[1] ".1 Scope of the Order of Superintending Control. An order of superintending control may be used in any fashion necessary to implement the superintending or supervisory control power of the court over inferior tribunals."
The Michigan Supreme Court has general superintending control over all inferior courts and tribunals. Revised Judicature Act, PA 1961, No 236, § 219, MCLA § 600.219 (Stat Ann 1962 Rev § 27A.219); Const 1963, art 6, § 4. The circuit courts also have general superintending control over all inferior courts and tribunals. RJA § 615, MCLA § 600.615 (Stat Ann 1962 Rev § 27A.615); Const 1963, art 6, § 13.

or applicability of a rule may be determined in an action for declaratory judgment when the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The action shall be filed in the circuit court of the county where the plaintiff resides or has his principal place of business in this state or in the circuit court for Ingham county. The agency shall be made a party to the action. An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously."

There being no exclusive procedure or remedy provided by statute governing the agency, plaintiff's remedy, if any, lies within the terms of the Michigan Administrative Procedures Act. Plaintiff is required under the act to seek first from the agency a declaratory ruling with specific regard to his complaint or complaints. In this manner they are defined and the issues are not general but specific. Plaintiff having failed to request such a declaratory ruling before starting his suit does not qualify to come within the terms of the Michigan Administrative Procedures Act and, therefore, we do not consider plaintiff's action as one requesting a declaratory judgment.

Affirmed.

All concurred.