## DUNLAP v CITY OF SOUTHFIELD

1. JUDGMENT—CONSENT JUDGMENT—COLLATERAL ATTACK.

   The principle that a judgment of a court of competent jurisdiction cannot be collaterally attacked applies to all judgments, whether they are consent judgments or the result of contentious litigation.

2. JUDGMENT—ACCELERATED JUDGMENT—PRIOR JUDGMENT.

   An accelerated judgment was properly granted on the ground that a plaintiff's claims were barred by a prior judgment where the prior judgment was obtained in a court which had proper jurisdiction and the subject matter of the two actions was identical.

3. COURTS—SUPERINTENDING CONTROL.

   Superintending control will not be granted where no action has been taken by the inferior tribunal and there is accordingly no record to review (GCR 1963, 711.1).

4. INJUNCTION—ZONING—SPECULATIVE INJURY.

   A group of homeowners cannot enjoin a city from consideration of a site plan for construction of high-rise condominium housing units which allegedly violate city zoning ordinances and threaten harm to the surrounding homeowners because it is within the realm of the city to consider such a plan and until the city has taken action on it any threatened injury or violation of the ordinances is merely speculative and conjectural.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 February 12, 1974, at Lansing. (Docket No. 17649.) Decided July 23, 1974. Leave to appeal applied for.

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Judgments §§ 1056, 1075, 1097, 1150, 1213.
[2] 46 Am Jur 2d, Judgments §§ 498–517.
[3] 20 Am Jur 2d, Courts §§ 39, 54.
[4] 58 Am Jur, Zoning § 188 *et seq.*

Complaint by Kinloch Dunlap and others against the City of Southfield, Realty Ventures, Inc., and Rembrandt Enterprises, Inc., for an order of superintending control. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Paul J. Lay* and *Riseman, Lemke & Piotroski,* for plaintiffs.

*Sigmund A. Beras,* for defendant City of Southfield.

*Hartman, Beier, Howlett, McConnell & Googasian,* for defendant Rembrandt Enterprises, Incorporated.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Laurence D. Connor),* for defendant Realty Ventures, Incorporated.

Before: J. H. GILLIS, P. J., and HOLBROOK and DENEWETH,* JJ.

DENEWETH, J. The plaintiffs are Southfield property owners representing a class of residents living in the area of a condominium development proposed by the defendants Realty Ventures and Rembrandt Enterprises (hereinafter referred to as the developers). Plaintiffs' complaint for an order of superintending control against the City of Southfield consisted of five counts. The defendant developers moved for accelerated and summary judgment. The trial court granted the motion, and the plaintiffs appeal.

The asserted grounds on the combined motion for accelerated and summary judgment were that the issues raised in the complaint were barred by

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

a prior judgment, a proper ground for accelerated judgment; and that the complaint failed to state a claim upon which relief could be granted, or to present a genuine issue of material fact, proper grounds for summary judgment. GCR 1963, 116.1(5); 117.2(1), (3). The trial court granted the motion for accelerated judgment, specifying in its order that the plaintiffs' claims were barred by a prior judgment of the court in *Harvey Smith v City of Southfield,* Oakland County Circuit No. 16937 (1966).

We affirm the decision of the trial court to dismiss the action, but we must broaden the grounds for dismissal. While some of the plaintiffs' claims were barred by the *Smith* decision, the remaining allegations failed to state a claim upon which relief could be granted. This latter ground was properly pled by the defendant developers, and along with the prior judgment, effectively places the plaintiffs out of court.

The plaintiffs' complaint asked for entry of an order of superintending control and presented five counts which in substance alleged the following:

I. The development of the defendants' property according to their proposed site plan will cause harm to the plaintiffs from traffic congestion, invasion of privacy, and overall detrimental effect; and since the plaintiffs have learned that the City Council will approve the site plan due to threats against council members by the defendant developers, such approval will be arbitrary, capricious, and in abuse of the city's powers.

II. The consent judgment in *Smith, supra,* which allowed the previous owner of the property now owned by the defendants to build high-rise structures, was void on its face due to lack of jurisdiction over the subject matter and further was a denial of due process.

III. The defendant developers, since they are not qualified to do business in Michigan, are not "persons"

within the meaning of the Southfield Zoning Ordinance, and thus have no standing to develop the project or to file a petition for site plan review.

IV. The proposed site plan contains several violations of the Southfield Zoning Ordinance.

V. The consent judgment in *Smith, supra,* and its allowance of the previous owner to build high-rise structures, does not enure to the benefit of the defendants because of the laches of the previous owner by failing to seasonably develop the property, because it does not run with the land, and because of a subsequent amendment in the zoning ordinance.

Counts II and V represent a collateral attack on the judgment entered in the *Smith* decision, *supra.* The general rule summarized in 6 Callaghan's Michigan Pleading & Practice (2d ed), § 42.94, pp 527, 528, supported with citation to Michigan cases, is controlling of the claims asserted in counts II and V:

"It is a well settled rule that a judgment of a court of competent jurisdiction cannot be 'collaterally' attacked. If the court had jurisdiction both of the subject matter adjudicated and of those against whom the judgment runs, no one can question its force and effect as terminating the particular litigation and doing so, with finality, as therein stated * * * . It is immaterial that the adjudication was unjust, * * * mistaken, or excessive." (Footnotes omitted.)

This principle applies with as much force to all judgments, irrespective of whether they be consent judgments or those entered after any amount of contentious litigation. *Tudryck v Mutch (Appeal of Smyl),* 320 Mich 99; 30 NW2d 518 (1948).

The plaintiffs' further claim that the court had no jurisdiction of the subject matter it purportedly litigated by the prior judgment in *Smith* is totally without merit. This claim is based upon MCLA

125.590; MSA 5.2940. The cited statutory provision applies only to appeal of a decision of a municipal authority with regard to a nonconforming use. The defendant developers have properly pointed out that this provision had no application in *Smith,* which did not invoke any question of a nonconforming use or structure but rather was a direct attack on the constitutionality of ordinance provisions as applied to the subject property.

Any different decision in this case would be extremely unfair in view of all of the circumstances herein existing. Not only has the judgment stood uncontested for seven years, but the surrounding residents of the community, upon whose behalf this action was supposedly brought, have enjoyed the benefits of a seven-acre park obtained from the defendants' predecessors pursuant to the terms of the consent judgment.

It is this Court's opinion that the trial judge's action in granting defendants' motion for an accelerated judgment on the ground that plaintiffs' claims were barred by prior judgment was proper and is affirmed.

Plaintiffs' counts I, III, and IV completely fail to present any claim upon which relief can be granted. All of said counts seek relief in the nature of superintending control. Under GCR 1963, 711.1, an order of superintending control expressly applies to supervisory control over "inferior tribunals". The statutory grant of superintending control to circuit courts gives power over "all inferior courts and tribunals". MCLA 600.615; MSA 27A.615. The inferior tribunals referred to include "administrative agencies which act in judicial or quasi-judicial proceedings". *Parshay v Marquette Prison Warden,* 30 Mich App 556, 559; 186 NW2d 859, 860 (1971).

Without deciding that a complaint for superin-

tending control was proper in this case, it is obvious that the relief sought by the plaintiffs was the issuance of an injunction prohibiting the city from taking action regarding the proposed site plan. A court will not grant superintending control where no action is taken and there is accordingly no record to review. See *Drouillard v City of Roseville,* 9 Mich App 239, 243; 156 NW2d 628, 631 (1967). Furthermore, it is well settled that an injunction will not lie upon the mere apprehension of future injury or where the threatened injury is speculative or conjectural. Since the City Council had taken no action on the site plan, any threatened injury or harm due to traffic or invasion of privacy, etc., at that point in time was sheer speculation and conjecture. No decision having been made, the complaint that the site plan violated city zoning ordinances was equally premature. It is not the Court's business to enjoin a city from considering the merits of a proposed site plan, a function squarely within their realm. For these reasons, the counts in question failed to state a claim upon which the injunctive relief pursuant to superintending control could be granted.

The other issues raised on this appeal are without merit. It is also to be noted that the consent judgment by its express terms specifically provides that any future high-rise development must comply with all the applicable provisions of all Southfield ordinances. If in fact upon proper hearing, it becomes apparent that the proposed site plan is in conflict with applicable city ordinances, the City Council is free to deny the proposed site plan or to force the developers to modify it to comply with any such ordinances relating to high-rise development. The *Smith* judgment, rather than restricting this possibility, mandates ordinance compliance.

Affirmed. No costs, a public question.

All concurred.