## HUMAN RIGHTS PARTY v MICHIGAN CORRECTIONS COMMISSION

1. ADMINISTRATIVE LAW—DEPARTMENT OF CORRECTIONS—ADMINISTRATIVE PROCEDURES ACT—STATUTES.

    The Department of Corrections is an administrative agency subject to the provisions of the Administrative Procedures Act (MCLA 24.201 *et seq.;* MSA 3.560[101] *et seq.).*

2. ADMINISTRATIVE LAW—ISSUANCE OF RULES—JUDICIAL REVIEW— STATUTES.

    Judicial review of an administrative ·agency's refusal to issue a rule is precluded by statute (MCLA 24.238; MSA 3.560[138]).

3. ADMINISTRATIVE LAW—DECLARATORY RULINGS—REFUSAL TO ISSUE RULING—JUDICIAL REVIEW—STATUTES.

    The refusal of an administrative agency *to issue a declaratory* ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency is subject to judicial review in the same manner as an agency's final decision or order in a contested case (MCLA 24.263; MSA 3.560[163]).

4. ADMINISTRATIVE LAW—FINAL AGENCY—DETERMINATIONS—JUDICIAL REVIEW—ADMINISTRATIVE PROCEDURES ACT—STATUTES.

    Judicial review of a final agency determination under the Administrative Procedures Act is limited to the record and the review must be undertaken in circuit court without a jury (MCLA 24.303, 24.304; MSA 3.560[203], 3.560[204]).

5. ADMINISTRATIVE LAW—FINAL AGENCY DETERMINATIONS—FINDINGS OF FACT—CONCLUSIONS OF LAW—STATUTES.

    The final decision of an administrative agency must include

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 201 *et seq.*

   60 Am Jur 2d, Penal and Correctional Institutions § 5.

[2–5, 8] 2 Am Jur 2d, Administrative Law §§ 643, 644.

[6] 2 Am Jur 2d, Administrative Law §§ 230, 697, 722.

[7] 22 Am Jur 2d, Declaratory Judgments.

   61 Am Jur 2d, Pleading §§ 75, 90, 306, 318.

findings of fact and conclusions of law (MCLA 24.285; MSA 3.560[185]).

6. Administrative Law—Hearing—Judicial Review—Record—Circuit Court.

It is necessary to remand a case originating in an administrative agency back to the agency for a hearing and the establishment of a record to facilitate judicial review by the circuit court where there is no record from the administrative agency.

7. Administrative Law—Administrative Procedures Act—Declaratory Judgment—Pleading—Statutes.

The declaratory judgment provisions of the Administrative Procedures Act apply only to existing rules and not to the mode of administration of a statute; therefore where a plaintiff seeks declaratory judgment relief under the APA and has not alleged the existence of any rule which would support its claim for judgment, such relief would be inappropriate, however, in such an instance a plaintiff should be given the opportunity to amend its pleadings to show the exact rules which it seeks to challenge (MCLA 24.264; MSA 3.560[164]).

8. Administrative Law—Administrative Procedures Act—Judicial Review—Declaratory Ruling—Declaratory Judgment—Legally Protected Interests—Statutes.

The provisions of the Administrative Procedures Act regarding judicial review of a plaintiff's request for a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a declaratory judgment action on the applicability of a rule essentially require that the plaintiff show a direct effect on his legally protected interests (MCLA 24.263, 24.264, 24.301; MSA 3.560[163], 3.560[164], 3.560[201]).

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted March 7, 1977, at Lansing. (Docket No. 30173.) Decided June 8, 1977. Leave to appeal applied for.

Complaint by the Human Rights Party against the Michigan Corrections Commission, Michigan Department of Corrections and Perry Johnson, Director, Department of Corrections, seeking a declaratory judgment that the present overcrowding in the state prisons violates prisoners' rights,

for an order enjoining defendants from continuing the administration of statutes and pursuing policies which result in prison overcrowding, and for orders requiring defendants to refuse to accept additional prisoners and to discharge prisoners with all deliberate speed until prison facilities are within proper limitations. Defendants' motion for accelerated judgment was denied. Defendants then filed with the Court of Appeals a complaint for superintending control and a motion for a stay of the proceeding. Complaint for superintending control considered as an application for leave to appeal. Leave to appeal granted and the motion to stay granted. Affirmed with modifications, and remanded for further proceedings.

*Zolton Ferency,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John A. Wilson* and *Christine A. Derdarian,* Assistants Attorney General, for defendants.

Before: QUINN, P. J., and BRONSON and M. J. KELLY, JJ.

M. J. KELLY, J. This controversy arose on May 20, 1976, when the Human Rights Party, through counsel Zolton Ferency, wrote a letter to Perry Johnson, Director of the Department of Corrections, requesting declaratory rulings under the Administrative Procedures Act (APA), MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.* Rulings were requested concerning the applicability of various statutes governing the administration of prisons[1]

---

[1] MCLA 791.201; MSA 28.2271, MCLA 791.202; MSA 28.2272, MCLA 791.203; MSA 28.2273, MCLA 791.204; MSA 28.2274, MCLA 791.206; MSA 28.2276, MCLA 791.262; MSA 28.2322.

to prison overcrowding. Plaintiff asserted violations of due process and equal protection guarantees and the guarantee against cruel and unusual punishment of the Michigan and Federal Constitutions. Plaintiff requested that defendant Department of Corrections refuse to accept additional prisoners and discharge prisoners with all deliberate speed to meet prison population limitations.

Defendants refused to act on the theory that they lacked authority to issue such rulings. As a result of this refusal, plaintiff filed a complaint in Ingham County Circuit Court for a declaratory judgment. Plaintiff asserted that it had exhausted administrative remedies and that defendants had a duty to issue declaratory rulings because the continued administration of the prison statutes constituted a violation of constitutional rights of prisoners. Plaintiff prayed for: A declaration that present conditions violated prisoners' rights; for preliminary and permanent injunctions enjoining defendants from continuing the administration of statutes and pursuing policies which result in prison overcrowding; and for orders requiring defendants to refuse to accept additional prisoners and to discharge prisoners with all deliberate speed until prison facilities were within proper limitations.

Defendants filed a motion for accelerated judgment claiming that the circuit court lacked jurisdiction and that plaintiff lacked standing to sue. Circuit Court Judge Ray C. Hotchkiss denied the motion on both grounds, ruling that a citizens' jury would be impaneled to assist the court in visiting the penal institutions and determining the merits of the case. Defendants then filed a complaint for superintending control and a motion for stay in this Court. We ruled to consider the com-

plaint as an application for appeal, and granted leave at the same time granting the motion for stay.

## I

### JURISDICTION

Does the circuit court have jurisdiction under the Administrative Procedures Act to grant the relief prayed for by plaintiff?

Defendant Department of Corrections is an administrative agency subject to the provisions of APA. *Cf. Parshay v Warden of Marquette Prison,* 30 Mich App 556, 559; 186 NW2d 859 (1971). Although MCLA 24.238; MSA 3.560(138)[2] precludes judicial review of an agency refusal to issue a rule, plaintiff is not requesting the *issuance* of a rule. Rather, the form of plaintiff's request to defendants and the language of its complaint appear to be from MCLA 24.263; MSA 3.560(163), which provides as follows:

"On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency. An agency shall prescribe by rule the form for such a request and procedure for its submission, consideration and disposition. A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by any court. An agency may not retroactively change a declaratory ruling, but nothing in this subsection prevents an agency from prospectively changing a declaratory ruling. A declaratory ruling is subject to judicial

[2] "A person may request an agency to promulgate a rule. Within 90 days after filing of a request, the agency shall initiate the processing of a rule or issue a concise written statement of its principal reasons for denial of the request. The denial of a request is not subject to judicial review." MCLA 24.238; MSA 3.560(138).

review in the same manner as an agency final decision or order in a contested case."

.   In the present case, plaintiff seeks a *declaratory* ruling as to the applicability to an actual state of facts of a statute administered by defendants; specifically, overcrowded prison conditions vis-a-vis statutes concerning prison administration (see fn 1). Defendants, however, refuse to issue any declaratory ruling and the question becomes whether there is judicial review of this refusal. We are of the opinion that there is. Although this is not specifically provided for in the statute, we find that the intent of the Legislature in establishing this declaratory ruling provision is to afford judicial review of an agency's refusal to make any ruling.[3]  Further, unlike MCLA 24.238; MSA

----

[3] *See* 1 Cooper, State Administrative Law, p 243:

"In view of these reasons, it was decided that agencies should be required to rule upon each request for a declaratory ruling, but that they would be permitted to make their ruling that of declining to resolve the particular question. Whatever ruling the agency made, however (even a ruling declining to rule upon a particular question), would have the same status as any other final order of the agency. This would mean that, in appropriate cases, the refusal of the agency to make a ruling could be appealed to the courts. In other cases, the denial of the request would make it a matter of formal record that (for example) the agency was not prepared to say that a particular course of conduct was prohibited by the rule in question.

"To achieve these ends, the draftsmen revised the section so that in the Revised Model State Act, it reads:

" 'Each agency shall provide by rule for the filing and prompt disposition of petitions for declaratory rulings as to the applicability of any statutory provision or of any rule or order of the agency. Rulings disposing of petitions have the same status as agency decisions or orders in contested cases.' " (Footnote omitted.)

The section just quoted is § 8 of the Model State Administrative Procedure Act from which MCLA 24.263; MSA 3.560(163) is taken.

Also on page 4 of appellant's brief on appeal, it is stated:

"The Administrative Procedures Act, *supra*, provides, that an agency may exercise its discretion to issue a declaratory ruling. Thus, this function is not mandatory. It is also provided that a declaratory ruling is subject to judicial review in the same manner as an agency final decision or an order in a contested case. * * * See MCLA 24.263; MSA 3.560(163). *It is axiomatic that refusal to issue a declaratory ruling is controlled by the same review process.*" (Emphasis supplied.)

3.560(138), which specifically provides for no judicial review, MCLA 24.263 has no such provision. Therefore, we find that a refusal to issue a declaratory ruling under MCLA 24.263 is subject to judicial review as an agency final decision or order in a contested case.

The applicable judicial review provision is MCLA 24.301; MSA 3.560(201), which provides in part:

"When a person has exhausted all administrative remedies available within an agency, and is aggrieved by a final decision or order in a contested case, whether such decision or order is affirmative or negative in form, the decision or order is subject to direct review, by the courts as provided by law."

Petition for review is in circuit court, MCLA 24.303; MSA 3.560(203), and review is confined to the record and must be undertaken without a jury, MCLA 24.304; MSA 3.560(204). Further, MCLA 24.306; MSA 3.560(206) provides:

"(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:
"(a) In violation of the constitution or a statute."

Thus, if plaintiff's letter is in fact a request for judicial review of a declaratory ruling under MCLA 24.263, the trial court would be in error in reviewing *de novo* and using a jury to assist it. Judicial review of a final agency determination under the APA is limited to the record; the final decisions of an agency must include findings of fact and conclusions of law. MCLA 24.285; MSA

3.560(185), *Luther v Board of Education of the Alpena Public Schools,* 62 Mich App 32, 36–37; 233 NW2d 173 (1975). The difficulty in the present case is that there is no record from the administrative agency. The circuit court would have no way of ascertaining the merits of plaintiff's claims. It may be necessary for the circuit court to remand this case to the Department of Corrections for a hearing to facilitate its judicial review.

Plaintiff in its brief on appeal cites MCLA 24.264; MSA 3.560(164), which provides:

"Unless an exclusive procedure or remedy is provided by a statute governing the agency, the validity or applicability of a rule may be determined in an action for declaratory judgment when the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The action shall be filed in the circuit court of the county where the plaintiff resides or has his principal place of business in this state or in the circuit court for Ingham county. The agency shall be made a party to the action. An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously. This section shall not be construed to prohibit the determination of the validity or applicability of the rule in any other action or proceeding in which its invalidity or inapplicability is asserted."

The declaratory judgment provisions of MCLA 24.264 appear to apply only to existing rules, and not to the mode of administration of a statute which is governed by MCLA 24.263. Since plaintiff in its complaint has not alleged the existence of any rule, relief under MCLA 24.264 would be inappropriate. If plaintiff desires to proceed under

MCLA 24.264 we hold it should be given the opportunity to amend its pleadings to show the exact rules which it seeks to challenge.[4]

Regardless of which provision plaintiff relies on, we find that the relief requested by plaintiff is not beyond the authority of the circuit court. See *Parshay v Warden of Marquette Prison, supra, Gates v Collier,* 501 F2d 1291 (CA 5, 1974), *Pugh v Locke,* 406 F Supp 318 (MD Ala, 1976).

## II

### STANDING

Does plaintiff Human Rights Party have standing to assert violations of constitutional rights of inmates?

Under MCLA 24.263, "an interested person" may request a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency. However, to comply with the judicial review provisions of MCLA 24.301, plaintiff must be a person "aggrieved" by agency action to have standing to sue in circuit court. Further, under MCLA 24.264, plaintiff in a declaratory judgment action on the applicability of a rule must show impairment of "legal rights or privileges". The difference, if any, between a person "aggrieved" by agency action and a person whose "legal rights or privileges" are threatened by agency action is unclear. In *Wisconsin's Environmental Decade, Inc v Public Service Commission of Wisconsin,* 69 Wis 2d 1, 9–10; 230 NW2d 243, 247–248 (1975), the Wisconsin Supreme Court discussed this same question and reasoned:

---

[4] MCLA 24.264; MSA 3.560(164) is discussed in *Parshay v Warden of Marquette Prison,* 30 Mich App 556; 186 NW2d 859 (1971). *See also,* GCR 1963, 521.

"We have held that a person must be 'aggrieved' and 'directly affected' by the agency decision, and also that the decision must 'directly affect the legal rights, duties or privileges' of the person seeking review. Secs. 227.15 and 227.16 do not, however, create separate and independent criteria.

"It is clear that both sections essentially require the petitioner to show a direct effect on his legally protected interests. Thus, in *Greenfield v Joint County School Comm,* [271 Wisc 442, 447; 73 NW2d 580, 583 (1955)] a person aggrieved is defined as 'one having an interest recognized by law in the subject matter which is injuriously affected by the judgment.'" (Footnote omitted.)

We agree with this analysis and apply it to this case. We find that both judicial review provisions "essentially require the petitioner to show a direct effect on his legally protected interests".

Although we express doubt as to plaintiff's standing under existing pleadings, to avoid a shuttle bus effect, the defect on remand may be cured. This Court was informed at oral argument that five members of the Human Rights Party, each of whom was an aggrieved prisoner, had retained plaintiff's counsel and requested to be joined as parties plaintiff. If such aggrieved members, or any one of them, is or are properly added by motion and joinder below, it would be sufficient to give plaintiff standing. See *White Lake Improvement Ass'n v City of Whitehall,* 22 Mich App 262; 177 NW2d 473 (1970), *Association of Data Processing Service Organizations v Camp,* 397 US 150; 90 S Ct 827; 25 L Ed 2d 184 (1970), *Sierra Club v Morton,* 405 US 727; 92 S Ct 1361; 31 L Ed 2d 636 (1972), *Wisconsin's Environmental Decade, Inc v Public Service Commission of Wisconsin, supra.*

Therefore, we allow plaintiff on remand to amend its pleadings accordingly.

The circuit court is affirmed as modified and this

case is remanded to it in accordance with this opinion.[5] No costs, a public question being involved.

---

[5] On remand the circuit court shall allow plaintiff to amend its pleadings. If plaintiff elects to proceed under MCLA 24.264; MSA 3.560(164) and properly amends its pleadings accordingly, a remand to the Department of Corrections will be unnecessary.