GRETZINGER v STATE BOARD OF EDUCATION

Docket No. 53936. Submitted June 1, 1981, at Lansing.—Decided October 2, 1981.

Plaintiff, John H. Gretzinger, Jr., petitioned defendant, State Board of Education, to issue a declaratory ruling on questions regarding teacher certification requirements for intermediate school district superintendents. Plaintiff had been relieved of his duties as an intermediate school superintendent pending clarification of his certification status. The Board of Education ruled that "annual vocational authorizations" and "state special substitute permits" are not "teacher's certificates" for purposes of the statute requiring intermediate school superintendents to have a teacher's certificate and that administrative experience was not equivalent to directed teaching required to obain a secondary provisional certificate. Plaintiff appealed to the Ingham Circuit Court. Prior to a ruling by the circuit court on the appeal, plaintiff was issued a secondary provisional certificate by the State Board of Education and was restored to his duties as intermediate superintendent. The circuit court, James T. Kallman, J., modified the Board of Education's ruling to the extent that, where an administrator is required to possess a teacher's certificate, administrative experience may be applied toward the three-year successful teaching requirement necessary to obtain a continuing certificate. It also held that the board's ruling regarding the annual vocational authorizations and special substitute permits was erroneous but refused to modify the board's ruling, holding that the point was moot. Plaintiff appealed. *Held:*

1. The court erred in holding the point to be moot because the ruling continues to have an effect on a legally protected interest of plaintiff.

2. The board's declaratory ruling that "annual vocational authorizations" and "state special substitute permits" are not "teacher's certificates" for purposes of the statute requiring

REFERENCE FOR POINTS IN HEADNOTE
68 Am Jur 2d, Schools § 140.

intermediate school superintendents to have teacher's certificates was not erroneous.

Affirmed.

SCHOOLS — TEACHER'S CERTIFICATES — VOCATIONAL AUTHORIZATIONS — SPECIAL SUBSTITUTE PERMITS.

"Annual vocational authorizations" and "state special substitute permits" are not "teacher's certificates" for purposes of the statute requiring intermediate school superintendents to have teacher's certificates (MCL 380.651; MSA 15.4651; 1973 AACS, R 390.1141, 390.1165).

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *John H. Gretzinger),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gerald F. Young* and *Richard P. Gartner,* Assistants Attorney General, for defendant.

Before: BEASLEY, P.J., and M. J. KELLY and N. A. BAGULEY,* JJ.

PER CURIAM. Plaintiff, John H. Gretzinger, Jr., requested that defendant, State Board of Education, issue a declaratory ruling on questions regarding teacher certification requirements for intermediate school district superintendents. After receiving an adverse ruling, plaintiff appealed to the Ingham County Circuit Court, which issued an order amending a portion of defendant's ruling. The circuit court judge subsequently denied a motion brought by plaintiff for clarification of the earlier order. Plaintiff appeals as of right.

In May of 1974, plaintiff was hired as superintendent of the Crawford, Oscoda, Ogemaw, and Roscommon (COOR) Intermediate School District. Prior to that time, plaintiff held various adminis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trative positions with COOR Intermediate School District.

MCL 380.651(b); MSA 15.651(b) requires that an intermediate school superintendent have a "teacher's certificate". There was some question as to whether plaintiff met this requirement. Consequently, in December of 1978, plaintiff was relieved of his duties as an intermediate superintendent, pending clarification of his certification status.

In April, 1979, plaintiff sought a declaratory ruling from defendant on two questions. First, he requested a determination that annual vocational authorizations for the 1973-1974 and 1974-1975 school years and a state special substitute teaching permit for the 1978-1979 school year, that had been issued to the COOR Intermediate School District on his behalf, be considered "teacher's certificates" within the meaning of MCL 380.651(b); MSA 15.4651(b). Second, he requested a determination that his prior administrative experience be considered as equivalent to 15 quarter hours of directed teaching required to obtain a secondary provisional certificate under a curriculum in which he was enrolled at Michigan State University.

Defendant adopted the following declaratory rulings:

"A. The terms 'certificate' as contained in Section 651 of P.A. 1976 means a Provisional, Permanent, Continuing and Thirty Hour Continuing certificates and does not include State Special Permits and Vocational Authorizations.

"B. Administrative experience shall not be considered equivalent to meeting the directed teaching requirements of Administrative Rule 390.1123."

On June 28, 1979, plaintiff appealed the declaratory ruling to the Ingham County Circuit Court. On January 4, 1980, prior to a ruling by the circuit court on the appeal, plaintiff was issued a secondary provisional certificate by the State Board of Education. On January 23, 1980, the COOR Board of Education restored plaintiff to his duties as intermediate superintendent.

Subsequently, defendant moved for accelerated judgment in Ingham County Circuit Court, contending that issuance of the secondary provisional certificate on January 4, 1980, rendered the case moot and deprived the court of jurisdiction to review the declaratory ruling. This motion for accelerated judgment was denied.

On June 15, 1980, the Ingham County Circuit Court issued an opinion and order. The trial court cited language in defendant's brief which stated that plaintiff's administrative experience can apply toward the three-year successful-teaching requirement plaintiff must acquire to obtain a state continuing certificate. The court held that defendant was bound by this language and, accordingly, modified the declaratory ruling by adding the following paragraph to it:

"Where an administrator is required to possess a teacher's certificate, administrative experience may be applied toward the three-year successful teaching requirement necessary to obtain a continuing certificate."

The court's opinion went on to state that the matter before it appeared to be technically moot. However, the court expressed the opinion that declaratory ruling A, which interprets the term "teacher's certificate" as used in MCL 380.651(b); MSA 15.4651(b), was erroneous. However, the

court did not modify that portion of the declaratory ruling.

Subsequently, plaintiff moved for clarification of the June 15, 1980, opinion and order to have declaratory ruling A modified in accordance with that opinion. On August 29, 1980, the trial court entered an opinion and order denying the motion for clarification. Plaintiff appeals from this order.

On appeal, plaintiff contends that he continues to be aggrieved by declaratory ruling A and, therefore, the trial court erred in refusing to modify this portion of the declaratory ruling in accordance with its June 15, 1980, opinion. We agree that plaintiff continues to be aggrieved by the trial court's refusal to modify declaratory ruling A, as that ruling continues to have a direct effect on a "legally protected interest" of plaintiff, *i.e.,* his status as superintendent of the COOR Intermediate School District.[1]

While it is true that plaintiff now possesses a secondary provisional certificate and will be eligible for a continuing certificate and tenure after three additional years of administrative experience, he is still adversely affected by the ruling that the term "certificate", as used in MCL 380.651(b); MSA 15.4651(b), does not include state special permits and vocational authorizations. If the term "certificate" did include such permits and authorizations, plaintiff could currently claim credit toward tenure based on the annual vocational authorizations and the state special substitute teaching permit which were earlier issued to the COOR Intermediate School District.

We find that the trial court erred in refusing to

---

[1] MCL 24.263; MSA 3.560(163); MCL 24.264; MSA 3.560(164); MCL 24.301; MSA 3.560(201); *Human Rights Party v Michigan Corrections Comm,* 76 Mich App 204, 212-213; 256 NW2d 439 (1977).

modify declaratory ruling A to conform with its June 15, 1980, opinion based on its belief that plaintiff was no longer aggrieved by that declaratory ruling. Nevertheless, it is not necessary for us to reverse its decision, as we find that declaratory ruling A was not erroneous.

MCL 380.1531(1); MSA 15.41531(1) provides:

"The state board shall determine the requirements for and issue all licenses and certificates for teachers, including preprimary teachers, and the requirements for an endorsement of teachers as qualified counselors in the public schools of the state."

A similar provision is included in the teachers tenure act,[2] MCL 38.72; MSA 15.1972, specifically providing:

"The term 'certificated' shall be as defined by the state board of education."

In ruling that the vocational authorizations and the state special permit issued to the COOR Intermediate School District on plaintiff's behalf were not "teacher's certificates" for purposes of MCL 380.651(b); MSA 15.4651(b), which requires that an intermediate school superintendent possess a teacher's certificate, defendant correctly notes that such authorizations and permits are not identified as certificates in the administrative rules. Furthermore, defendant notes that the requirements and validity of these authorizations and permits are substantially different from those of the teacher certificates identified in the rules.[3]

Indeed, persons teaching under these authoriza-

[2] MCL 38.71 et seq.; MSA 15.1971 et seq.

[3] 1973 AACS, R 390.1101 et seq.

tions and permits are not required to have completed a professional teacher education program. Annual vocational authorizations are issued to school districts, not individual teachers, and are valid only "for teaching those courses in approved programs, in which instruction is limited to the occupation specified in the authorization".[4] There are no specific requirements that the proposed vocational teacher have completed any number of semester hours of college credit to qualify for such an authorization.

State special substitute permits are issued "to the recommending superintendent or personnel officer who shall apply therefore and affirm under oath that *a certified teacher is not available for employment*".[5] (Emphasis added.)

Such permits allow a person to teach for only 90 days and may be issued for the benefit of persons with educational backgrounds which would not qualify them to become certified teachers.

In *Oakland Bd of Ed v Superintendent of Public Instruction*,[6] the Supreme Court quoted with approval the following language of the United States Supreme Court in *United States v Moore:*[7]

"The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration, and ought not to be overruled without cogent reasons."

In view of the limited purposes and reduced requirements of annual vocational authorizations and state special substitute permits, we find defendant's ruling that these approvals are not "teach-

---

[4] 1973 AACS, R 390.1165.

[5] 1973 AACS, R 390.1141(2).

[6] 401 Mich 37, 41; 257 NW2d 73 (1977).

[7] 95 US 760, 763; 24 L Ed 588 (1878).

er's certificates" to be reasonable and not erroneous.

The trial court's ruling that defendant's ruling was erroneous was based on the following reasoning:

"The requirement that an intermediate superintendent possess a 'teacher's certificate' has been constant since the enactment of the School Code of 1955; Public Act No. 269 of 1955. However, the term 'teacher's certificate' is not defined in the School Code nor has the State Board used the term consistantly *[sic]*. In 1955 *all* of the authorizations to teach issued by the State Board were called certificates. It is reasonable to assume that the Legislature intended the term 'teacher's certificate' to mean any of the authorizations to teach issued by the State Board of 1955. That the State Board now calls certain of these certificates 'authorizations' or 'permits' is inconsequential."

This reasoning must fail. All the approvals to teach issued by the state board in 1955 were called either certificates or special certificates. The latter category, which included special certificates for teaching vocational courses,[8] were only issued to persons who were:

"[D]eficient for some certificate which will qualify them to occupy the position for which they are being recommended."[9]

The state board in 1955 did not appear to issue any approvals to teach which were the equivalent of the present state special substitute permits.[10]

[8] 1954 AC, R 390.571.

[9] 1954 AC, R 390.531.

[10] 1954 AC, R 390.401 *et seq.;* 1955 AACS, R 390.403; 1955 AACS, R 390.404.

Contrary to the trial court's above-quoted ruling, we believe that the limited nature of the annual vocational authorizations and state special substitute permits indicates that they should not be considered to be "teacher's certificates". Accordingly, we affirm the trial court's refusal to modify defendant's declaratory ruling on this issue.

Affirmed.