STANDIFER v DEPARTMENT OF CORRECTIONS

Docket No. 123322. Submitted November 20, 1990, at Lansing. De-
cided December 20, 1990; approved for publication February 13,
1991, at 9:00 A.M.

Jesse Standifer, a state prison inmate, requested a declaratory
ruling by the Department of Corrections regarding his classifi-
cation as a predatory homosexual, which makes him ineligible
for placement in a medium- or minimum-security facility. After
the department denied the request without an explanation,
Standifer petitioned the Ingham Circuit Court for review. The
only action taken in the case by the Department of Corrections
was the filing of an appearance. The court, James T. Kallman,
J., issued an opinion and order granting summary disposition
in favor of the department and dismissing the action. Standifer
appealed.

The Court of Appeals *held:*

An agency's refusal to issue a declaratory ruling under § 63
of the Administrative Procedures Act, MCL 24.263; MSA 3.560
(163), is subject to judicial review pursuant to § 101, MCL
24.301; MSA 3.560(201), as an agency final decision or order in
a contested case. Judicial review is limited to the record, and
the final decision of an agency must include findings of fact and
conclusions of law. In this case, while the record is devoid of
findings of fact and conclusions of law by the department with
respect either to the decision to deny the request for a declara-
tory ruling or the decision to classify the petitioner as a
predatory homosexual, the court nevertheless made its own
findings of fact and acted as counsel for the department by
injecting a motion for summary disposition in favor of the
department where none was filed by the department. The trial
court therefore exceeded the procedures set forth in the Admin-
istrative Procedures Act, requiring the vacation of the order
and remand.

Vacated and remanded.

Jesse Standifer, in propria persona.

*Frank J. Kelley,* Attorney General, *Gay Secor*

*Hardy,* Solicitor General, and *David M. Gadaleto,* Assistant Attorney General, for the Department of Corrections.

Before: MACKENZIE, P.J., and McDONALD and MURPHY, JJ.

PER CURIAM. Petitioner is an inmate at the State Prison of Southern Michigan. Apparently, at some point he was somehow designated by someone within respondent Department of Corrections as a prisoner with a history of predatory homosexual behavior while institutionalized. According to policy directive PD-BCF-34.01, such prisoners shall not be placed in medium- or minimum-security facilities.

On August 25, 1988, petitioner requested from respondent a declaratory ruling regarding his designation. MCL 24.263; MSA 3.560(163). Essentially, his request asserted that respondent's classification decision was erroneous.

Petitioner's request for a declaratory ruling was subsequently denied by respondent without explanation.

Petitioner then filed the instant action for judicial review. In his petition, petitioner again challenged respondent's designation of him as a prisoner with a history of predatory behavior.

Respondent did not file an answer.

On February 9, 1989, petitioner filed a motion for summary disposition pursuant to MCR 2.116(C)(9) and (10). Petitioner once more asserted that he was wrongly and arbitrarily classified. Respondent again did not respond. In fact, the lower court record indicates that the only item filed by respondent in this case was an appearance.

On November 9, 1989, the circuit court issued an opinion, ruling that "defendant's motion must

be granted as a matter of law" and dismissing the action for failure to state a claim. MCR 2.116(C)(8). The opinion stated:

> After a careful review, this Court finds the Defendant's motion must be granted, as a matter of law. Pursuant to MCL 791.255(4); MSA 28.235(4), the review shall be confined to the record . . . .
>
> * * *
>
> Applying the foregoing standard of review to the hearing officer's determination designating Plaintiff as a sexual predater [sic], a review of the agency's records reveals that the determinations were supported by substantial evidence which reasonably support the findings of fact in the decision. The hearing officer's determination will be upheld, therefore the Plaintiff has failed to state a claim upon which relief can be granted.

We vacate the circuit court's decision for two reasons. First, the court "granted" a motion that was never filed. As noted above, the only action taken by respondent in this case was to file an appearance.

Second, even if the court had ruled on an extant motion, it clearly exceeded its review powers. An agency's refusal to issue a declaratory ruling under MCL 24.263; MSA 3.560(163) is subject to judicial review as an agency final decision or order in a contested case. *Human Rights Party v Corrections Comm,* 76 Mich App 204; 256 NW2d 439 (1977). As explained in *Human Rights Party,* pp 210-211:

> The applicable judicial review provision is MCLA 24.301; MSA 3.560(201), which provides in part:
>
> "When a person has exhausted all administrative remedies available within an agency, and is aggrieved by a final decision or order in a contested case, whether such decision or order is

> affirmative or negative in form, the decision or order is subject to direct review, by the courts as provided by law."
> Petition for review is in circuit court, MCLA 24.303; MSA 3.560(203), and review is confined to the record and must be undertaken without a jury, MCLA 24.304; MSA 3.560(204). . . .
>
> . . . Judicial review of a final agency determination under the APA [Administrative Procedures Act] is limited to the record; the final decisions of an agency must include findings of fact and conclusions of law. MCLA 24.285; MSA 3.560(185), *Luther v Board of Education of the Alpena Public Schools,* 62 Mich App 32, 36-37; 233 NW2d 173 (1975).

In this case, the agency record consists of two items: petitioner's request for a declaratory ruling, and respondent's response stating: "If you do not receive a ruling within 30 days . . . you may consider [your request] as denied." The record is devoid of respondent's findings of fact and conclusions of law with respect either to the decision to deny petitioner's request for a declaratory ruling or its decision to classify petitioner as a homosexual predator. Contrary to the circuit court's opinion, the hearing officer's findings of fact or decision is not part of the record. Indeed, it cannot be ascertained on this record whether the designation was made by a hearing officer or in some other fashion.

The judge essentially acted as an agency hearing officer in this case by making his own finding of fact on the question whether petitioner is a homosexual predator. He then proceeded to act as counsel for the agency by injecting a nonexistent defense motion into the proceeding. This clearly went beyond the procedures set forth in the APA. We therefore vacate the order of the circuit court and remand for further proceedings.

Vacated and remanded. We retain no further jurisdiction.