*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WARREN CONSOLIDATED SCHOOL
DISTRICT,

UNPUBLISHED
August 22, 2024

Plaintiff-Appellant,

v

No. 362948
Macomb Circuit Court
LC No. 2020-000352-CZ

SCHOOL DISTRICT OF HAZEL PARK,

Defendant-Appellee.

Before: RIORDAN, P.J., and CAVANAGH and GARRETT, JJ.

PER CURIAM.

This case returns to this Court following remand for the circuit court to consider whether the Administrative Procedures Act (APA) required plaintiff, Warren Consolidated School District, to appeal the state superintendent's decision to the circuit court rather than filing a civil complaint against defendant, School District of Hazel Park. The circuit court ruled that it lacked subject-matter jurisdiction to decide plaintiff's civil claims against defendant and, because plaintiff has not established error requiring reversal, we affirm the trial court's dismissal. *Warren Consol Sch Dist v Sch Dist of the City of Hazel Park*, unpublished per curiam opinion of the Court of Appeals, issued December 2, 2021 (Docket No. 354240), unpub op at 1-3.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In its prior opinion, this Court summarized the facts and procedural history of this case as follows:

Plaintiff and defendant are neighboring school districts in the Detroit metro area. They each receive state funds under The State School Aid Act of 1979 (SSAA), MCL 388.1601 *et seq.* The SSAA governs the distribution of state funds to local school districts and appropriates funds on the basis of each district's membership count. See MCL 388.1606(4); see also *Rowley v Garvin*, 221 Mich App 699, 709; 562 NW2d 262 (1997). A district's membership count is generally comprised of pupils that reside in a district's geographic area and whom the district educates. See MCL 388.1606(4)(a)-(b). The Michigan Department of Education

-1-

(MDE) examines each district's membership count annually in accordance with the SSAA for purposes of allocating funding. See MCL 388.1606(4); MCL 388.1620. Under the SSAA, a school district may include a nonresident pupil in its count if the school district is educating that student and if the resident district approves or if an exception to the required approval applies. MCL 388.1606(6)(a)-(o).

Beginning in approximately 2008, defendant collaborated with a nonprofit entity, International Network for Vocational Education Skills Training, Inc. (INVEST), to establish an alternative education program approved by the MDE. According to defendant, the program provides a unique learning environment for students who benefit from its non-traditional class and curriculum structures. According to plaintiff, defendant partnered with INVEST to target non-English speaking families, particularly Chaldean families hesitant to enroll their children in a typical American public school, and to offer those students an alternative program. The parties agree that some of the students who attended defendant's INVEST program resided in plaintiff's district at that time, and that defendant did not obtain approval from plaintiff to educate those students. The parties also do not dispute that defendant included those students in its student count for purposes of determining state aid under the SSAA.

In 2011, plaintiff filed a complaint against defendant in the circuit court seeking declaratory and injunctive relief, as well as monetary damages, arising from the alleged improper count of defendant's students under a theory of unjust enrichment (the 2011 lawsuit). Plaintiff asserted that defendant had lured students who reside in plaintiff's district to attend defendant's INVEST program without obtaining plaintiff's permission and absent an applicable exception under the SSAA, thereby wrongfully depriving plaintiff of students within its own district.

In 2012, the circuit court granted defendant summary disposition under MCR 2.116(C)(10). The circuit court held that defendant had demonstrated that the students in question could be counted without plaintiff's approval under the SSAA because the alternative education program had been initiated before the 2010-2011 school year. The circuit court determined that because plaintiff had not submitted contrary proof and discovery had closed, defendant was entitled to summary disposition on that basis. The trial court denied defendant's motion for summary disposition that was premised on plaintiff's failure to exhaust its administrative remedies.

Thereafter, the circuit court granted plaintiff's motion for reconsideration and reopened the case, determining that discovery had not closed at the time of the circuit court's order and permitting plaintiff to present further proofs. In 2014, the circuit court again granted defendant summary disposition, this time on the basis that plaintiff had failed to exhaust its administrative remedies. The circuit court explained that when it previously determined that plaintiff had no obligation to exhaust administrative remedies under MCL 24.264, the circuit court had not been apprised of the appeal process set forth in the MDE Pupil Auditing Manual. The circuit court determined that the manual set forth a specific process for challenging

a district's student count audit, thereby providing an administrative remedy that plaintiff had failed to exhaust.

Plaintiff did not appeal the circuit court's 2014 decision holding that the court lacked subject matter jurisdiction. Instead, plaintiff challenged the per pupil count of defendant's students before the MDE. In October 2016, the MDE's assistant director of the Office of Financial Management issued a letter denying plaintiff relief on the basis that plaintiff lacked standing to challenge defendant's pupil count and because the MDE could not award plaintiff the monetary relief it sought. The MDE also declined to issue a declaratory ruling that defendant had improperly claimed plaintiff's students.

Rather than appeal that administrative determination, plaintiff initiated a new action against defendant in the circuit court (the 2017 lawsuit), raising claims substantially similar to those raised in the 2011 lawsuit. Citing MCL 24.301, the circuit court dismissed plaintiff's complaint for failure to exhaust administrative remedies, observing that plaintiff had failed to appeal the decision of the MDE assistant director to the state superintendent. Plaintiff thereafter appealed the assistant director's decision to the state superintendent who issued a letter dated January 8, 2020, affirming the assistant director's decision. The superintendent observed that although the time in which to appeal the assistant director's decision had expired, he would consider plaintiff's letter as a request for a declaratory ruling. The superintendent then determined "I concur in [the assistant director's] determination to decline to issue a declaratory ruling." The superintendent explained that "[t]he Department declines to issue a declaratory ruling for the following reasons," including the reason that no relief was available from the department. The superintendent then concluded "I decline to issue a declaratory ruling in this matter."

Rather than seek to appeal the state superintendent's determination to the circuit court, plaintiff instead initiated this action, raising substantially the same claims it raised before the MDE and in the 2011 and 2017 lawsuits. Specifically, plaintiff again sought declaratory and injunctive relief and also damages, asserting that defendant had counted plaintiff's pupils in violation of the SSAA. Defendant moved for summary disposition in part on the basis that plaintiff's complaint was an impermissible collateral attack on the MDE's final decision.

The circuit court granted defendant summary disposition, dismissing the matter under MCR 2.116(C)(4) (lack of subject matter jurisdiction). The circuit court held that plaintiff had exhausted its administrative remedies, but that under MCL 24.301, the final decision of the MDE could be reviewed only by appeal of that decision to the circuit court. The circuit court held that because the action filed by plaintiff was not an appeal of the MDE's final decision, the action was a violation of MCL 24.301 and therefore subject to dismissal. [*Warren Consol Sch Dist*, unpub op at 1-3.]

Plaintiff appealed the trial court's grant of summary disposition to defendant and, in its reply brief on appeal, asserted for the first time that it did not need to appeal the MDE's decision to the circuit court because its proceeding before the MDE was not a "contested case" under MCL 24.301. *Warren Consol Sch Dist*, unpub op at 5. Defendant did not have the opportunity to brief the issue, but asserted at oral argument that, if plaintiff's proceeding in the MDE was not a "contested case," it was nonetheless a declaratory ruling that was subject to judicial review under MCL 24.263 of the APA in the same manner a contested case should be appealed under MCL 24.301. This Court vacated the circuit court's order granting summary disposition under MCR 2.116(C)(4) to allow the trial court to rule on the issue. *Id*. at 5-6.

On remand, the circuit court relied on *Human Rights Party v Mich Corrections Comm*, 76 Mich App 204; 256 NW2d 439 (1977), and ruled that the MDE's refusal to issue a declaratory ruling was subject to judicial review under MCL 24.263 of the APA in the same manner as a contested case under MCL 24.301, notwithstanding that plaintiff's proceeding before the MDE did not involve a "contested case" as defined by MCL 24.203(3). In reaching this conclusion, the circuit court reasoned that, whether an agency uses the term "decline" or "refuse" with respect to denying a declaratory ruling, the ruling has the same effect and is subject to judicial review under the APA. Because plaintiff was required to appeal the superintendent's ruling and instead filed a new action against defendant, the circuit court ruled that it lacked subject-matter jurisdiction and dismissed plaintiff's case.

Plaintiff now appeals and argues that we should reverse the circuit court's dismissal under the law-of-the-case doctrine and because the trial court erred by ruling that MCL 24.263 required plaintiff to appeal the state superintendent's decision.

## II. LEGAL ANALYSIS

### A. STANDARDS OF REVIEW

This Court reviews de novo a circuit court's decision on a motion for summary disposition. *Summer v Southfield Bd of Ed*, 310 Mich App 660, 667; 874 NW2d 150 (2015). Whether a circuit court has subject-matter jurisdiction is also a question that this Court reviews de novo. *Id*. Summary disposition under MCR 2.116(C)(4) should be granted when a court lacks "jurisdiction of the subject matter." "A motion under [s]ubrule (C)(4) may be supported or opposed by affidavits, depositions, admissions, or other documentary evidence." *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 714; 909 NW2d 890 (2017). "A trial court is duty-bound to recognize the limits of its subject-matter jurisdiction, and it must dismiss an action when subject-matter jurisdiction is not present." *Id*. at 714.

"Whether the law-of-the-case doctrine was properly invoked and to what extent it applies to a case are questions of law that we also review de novo." *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021). Likewise, we review questions of statutory interpretation de novo. *Id*. The first step in construing statutory language is to discern the Legislature's intent through the plain language of the statute. *Grimes v Mich Dep't of Transp*, 475 Mich 72, 76; 715 NW2d 275 (2006). If the language of a statute is clear and unambiguous, then we must apply it as written. *Id*.

## B. LAW-OF-THE-CASE DOCTRINE AND APPLICATION OF THE APA

Plaintiff argues that this Court ruled in its prior opinion that MCL 24.263 did not apply to the state superintendent's refusal to issue a declaratory ruling and that the trial court and this Court are bound to follow that ruling pursuant to the law-of-the-case doctrine. We disagree.

"The law-of-the-case doctrine provides that once an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions . . . determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *AFT v State*, 334 Mich App 215, 224-225; 964 NW2d 113 (2020) (quotation marks and citation omitted). "[A]s a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." *Id*. at 225 (quotation marks and citation omitted). However, the law-of-the-case doctrine does "not apply to claims that were not decided on the merits." *Brownlow v McCall Enterprises, Inc*, 315 Mich App 103, 112; 888 NW2d 295 (2016) (quotation marks and citation omitted).

The two jurisdictional statutes relevant to this case are MCL 24.301 and MCL 24.263. MCL 24.301 provides, in relevant part:

> When a person has exhausted all administrative remedies available within an agency, and is aggrieved by a final decision or order in a contested case, whether such decision or order is affirmative or negative in form, the decision or order is subject to direct review by the courts as provided by law.

The APA defines "contested case" to mean "a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing." MCL 24.203(3). As the circuit court correctly ruled, plaintiff's proceeding before the MDE was not a "contested case" because the MDE did not give plaintiff an opportunity for an evidentiary hearing.

The circuit court also ruled that the state superintendent's decision was subject to judicial review under MCL 24.263, which provides:

> On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency. An agency shall prescribe by rule the form for such a request and procedure for its submission, consideration and disposition. A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by any court. An agency may not retroactively change a declaratory ruling, but nothing in this subsection prevents an agency from prospectively changing a declaratory ruling. A declaratory ruling is subject to judicial review in the same manner as an agency final decision or order in a contested case.

Reading MCL 24.301 and MCL 24.263 together, when an agency issues a declaratory ruling on the request of an interested person, that ruling is "subject to judicial review in the same manner as

an agency final decision or order in a contested case[,]" which means it is subject to direct judicial review. Notably, there is no requirement within the express language of MCL 24.263 that an agency's declaratory ruling involve an underlying contested case. It follows that an agency's declaratory ruling is subject to direct review regardless of whether the underlying proceedings were a contested case. See *Health Central v Comm'r of Ins*, 152 Mich App 336, 343; 393 NW2d 625 (1986), citing MCL 24.263.

In support of its argument that the law-of-the-case doctrine prevents the application of MCL 24.263, plaintiff relies on the following paragraph from this Court's opinion in the prior appeal:

> At oral argument before this Court, defendant was permitted to address plaintiff's belated argument that the process before the MDE did not involve a contested case. Defendant asserted that regardless of whether the process involved a contested case, the superintendent's decision nonetheless was subject to appellate review by the circuit court in the same manner as a contested case under MCL 24.263 because it was a declaratory ruling. Our review of the superintendent's decision, however, reveals that although he considered plaintiff's letter for review of the assistant director's determination as a request for a declaratory ruling, the superintendent did not issue a declaratory ruling. The superintendent in fact explicitly stated "I decline to issue a declaratory ruling in this matter." [*Warren Consol School Dist*, unpub op at 5 (footnote omitted).]

We disagree with plaintiff that this Court made a ruling on the merits that is subject to the law-of-the-case doctrine. As our Supreme Court explained in a case involving the related preclusion doctrine of res judicata, *Gursten v Kenney*, 375 Mich 330, 334; 134 NW2d 764 (1965):

> A judgment on the merits does not require a determination of the controversy after a trial or hearing on controverted facts. It is sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied the law.

In this case, defendant was only permitted to make a cursory response at oral argument on the issue of whether the APA required judicial review of the state superintendent's decision, neither party briefed the application of MCL 24.263 to fully apprise this Court of the pertinent facts and law, and this Court did not address or apply controlling law to decide whether MCL 24.263 required plaintiff to pursue a judicial remedy. Because this Court did not decide the issue on the merits, we hold that the law-of-the-case doctrine did not preclude the trial court's holding that plaintiff had to seek judicial review of the superintendent's decision under MCL 24.263. *Brownlow*, 315 Mich App at 112.

To the extent the quoted paragraph from this Court's opinion in *Warren Consol School Dist* can be read as an implicit determination that MCL 24.263 did not apply to plaintiff's claim to the state superintendent because the superintendent did not issue a declaratory ruling, we hold that this was clearly erroneous. In *Human Rights Party*, 76 Mich App at 206-207, the Director of the Michigan Department of Corrections (DOC), on behalf of the DOC and the Michigan Corrections Commission, declined to issue a declaratory ruling requested by the plaintiff on whether certain

statutes related to the administration of prisons applied to prison overcrowding. Instead of appealing the defendant's decision, the plaintiff filed a complaint against the defendants in circuit court for declaratory and injunctive relief, stating that it exhausted its administrative remedies. *Id*. Defendants moved for accelerated judgment and argued that the trial court lacked jurisdiction to grant plaintiff's requested relief and that the plaintiff lacked standing to sue the defendants. *Id*. at 207.

This Court granted the defendants leave to appeal and, on the issue of jurisdiction, ruled that "a refusal to issue a declaratory ruling under MCL 24.263 is subject to judicial review as an agency final decision or order in a contested case." *Id*. at 208-209. This Court acknowledged that a refusal to issue a declaratory ruling was not specifically contemplated in the statute, but that "the intent of the Legislature in establishing this declaratory ruling provision is to afford judicial review of an agency's refusal to make any ruling." *Id*. at 209. In support, this Court quoted from 1 Cooper, State Administrative Law, p 243 that "[w]hatever ruling the agency made, however (even a ruling declining to rule upon a particular question), would have the same status as any other final order of the agency." *Id*. at 209 n 3.

We see no meaningful difference between this case and *Human Rights Party* and, although *Human Rights Party* was decided before November 1, 1990 and is, therefore, not precedentially binding pursuant to MCR 7.215(J)(1), we find it persuasive, its holding has not been disputed in any subsequent published opinion, and it was cited with approval in an opinion published after November 1, 1990. *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114; 923 NW2d 607 (2018); *Standifer v Dep't of Corrections*, 187 Mich App 388, 390; 468 NW2d 241 (1990) ("An agency's refusal to issue a declaratory ruling under MCL 24.263 is subject to judicial review as an agency final decision or order in a contested case."). Accordingly, we hold that plaintiff was required to appeal to the circuit court the superintendent's decision not to issue a declaratory ruling. Instead, plaintiff filed a new action raising essentially the same claims, and the circuit court correctly determined that it lacked subject-matter jurisdiction and dismissed the matter under MCR 2.116(C)(4). See *Womack-Scott v Dep't of Corrections*, 246 Mich App 70, 80; 630 NW2d 650 (2001) (indicating that under MCL 24.301 a party aggrieved by an agency ruling cannot file an independent action, but must directly appeal the agency's decision to the circuit court); *Health Central*, 152 Mich App at 343, citing MCL 24.263 ("Declaratory rulings are subject to judicial review in the same manner as agency final decisions or orders in contested cases.").

As our Supreme Court stated in *Rott v Rott*, 508 Mich 274; 972 NW2d 789 (2021), courts must "heed the United States Supreme Court's astute observation that the [law-of-the-case] doctrine does not apply if the court is convinced that its prior decision is clearly erroneous and would work a manifest injustice." *Id*. at 288, quoting *Pepper v United States*, 562 US 476, 506-507; 131 S Ct 1229; 179 L Ed 2d 196 (2011) (cleaned up). As discussed, to the extent this Court implicitly ruled that MCL 24.263 did not require plaintiff to appeal the state superintendent's decision not to issue a declaratory judgment to the circuit court, its ruling was clearly erroneous. Further, application of the law-of-the-case doctrine in this case would deprive defendant of a valid defense in this protracted litigation. To deprive defendant of such a defense through the application of the law-of-the-case doctrine, especially when defendant was not given the opportunity to fully

brief and argue the issue in the prior appeal, would constitute a manifest injustice. *Rott*, 508 Mich at 288.[1]

For these reasons, the law-of-the-case doctrine does not require reversal of the circuit court's grant of summary disposition to defendant.[2]

### C. "INTERESTED PERSON" UNDER MCL 24.263

Plaintiff alternatively argues that MCL 24.263 does not apply because plaintiff is not an "interested person" within the meaning of the statute. Plaintiff acknowledges that the APA does not define "interested person," but posits that the term is synonymous with standing. Because the superintendent indicated that plaintiff lacked standing to challenge defendant's membership count, plaintiff maintains that it cannot be an interested person under the statute.

The logical inference of this assertion is that, if plaintiff truly lacks standing with respect to its claims, this matter is not justiciable and must be dismissed for lack of jurisdiction. Further, the argument is not grounded in the plain language of the statute. Plaintiff relies on *Human Rights Party* to support its argument, but this Court did not construe the words "interested person" under MCL 24.264 in that case. Rather, the broader question before this Court was whether the plaintiffs had standing to assert violations of the constitutional rights of inmates under both judicial review provisions of the APA, MCL 24.301 and MCL 24.264. *Human Rights Party*, 76 Mich App at 212-213. This Court concluded that these provisions "essentially require the petitioner to show a direct effect on his legally protected interests." *Id*. at 213 (quotation marks omitted). *Human Rights Party*, therefore, does not support plaintiff's contention that "interested person" in MCL 24.263 means standing.

Turning to the language of MCL 24.263, the term "interested person" does not plainly evoke a person with standing as it is legally understood. Instead, giving the terms their plain meaning through dictionary definitions, "interested" means "being affected or involved," whereas

---

[1] Plaintiff offers a cursory argument that the MDE's Pupil Membership Auditing Manual only allows an appeal of an adverse audit, but fails to explain how the manual precludes its claims and offers no legal authority to support its argument. It is not this Court's role to search for authority, scour the record, or develop a litigant's argument on appeal. Accordingly, plaintiff has abandoned this claim and we decline to address it on appeal. See *Houghton v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003) ("An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue.").

[2] We also reject plaintiff's argument that MCL 24.263 does not require an agency to issue a declaratory ruling, nor that plaintiff must appeal the MDE's failure to issue a declaratory ruling to the circuit court. The arguments are unpersuasive in light of our holding that the MDE's refusal to issue a declaratory ruling under MCL 24.263 is subject to judicial review as contemplated in *Human Rights Party*, 76 Mich App at 209 and *Standifer*, 187 Mich App at 390.

"person" means one recognized by law to have rights and duties.[3]  Thus, an interested person is one who is affected by the application of a statute or rule to an actual state of facts.  To "affect" means to "produce an effect upon" or "to act on or cause change in."[4]  This reading of MCL 24.263 aligns with this Court's observation that the plain language of MCL 24.263 "does not require a showing of interference with or impairment of legal rights or privileges to establish standing, [rather it] merely [requires] that the person making the request for a declaratory ruling is affected by the applicability of the relevant statute or rule to an actual state of facts." *Forner v Bureau of Constr Codes*, unpublished per curiam opinion of the Court of Appeals, issued August 25, 2022 (Docket Nos. 357335 and 357336), unpub op at 5.[5]

In this case, plaintiff alleged that its school aid funding was reduced through the MDE's application of the SSAA.  Specifically, plaintiff maintains that, during each school year, the MDE did not include pupils who resided within its district boundaries as part of its membership count, thereby decreasing plaintiff's allotted school funding.  By its own claims, plaintiff was directly affected by the MDE's application of the statute.  Whether these facts amount to standing is immaterial because it is not necessary that plaintiff establish standing to be an "interested person" under the statute.  Consequently, plaintiff is an interested person for purposes of MCL 24.263.[6]

Affirmed.

/s/ Michael J. Riordan
/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett

---

[3]     Merriam-Webster Online Dictionary <https://www.merriam-webster.com/dictionary/interested>(accessed July 18, 2024) (defining "interested"); Merriam-Webster Online Dictionary <https://www.merriam-webster.com/dictionary/person> (accessed July 18, 2024) (defining "person")

[4] Merriam-Webster Online Dictionary <https://www.merriam-webster.com/dictionary/affect> (accessed July 18, 2024) (defining "affect")

[5] Unpublished decisions are not binding on this Court, but may be considered for their persuasive value. *Neville v Neville*, 295 Mich App 460, 468; 812 NW2d 816 (2012).

[6] We decline to address defendant's various arguments related to the substance of plaintiff's claims.  These claims are not properly before this Court because, were we to rule in favor of defendant on any of its arguments, it would grant defendant relief more favorable than the circuit court granted.  If a party seeks to affirm a lower court's decision on more favorable grounds, a cross-appeal is necessary. *Cheron, Inc v Don Jones, Inc*, 244 Mich App 212, 221; 625 NW2d 93 (2000) (declining to consider arguments absent a cross-appeal that would affirm on more favorable alternative grounds).  See also *Meisner Law Group*, 321 Mich App at 713 n 3 (declining to address alternative arguments under MCR 2.116(C)(8) and (10) when summary disposition was granted under MCR 2.116(C)(4)).