# Syllabus

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kimberly K. Muschong

WARREN CONSOLIDATED SCHOOL DISTRICT v SCHOOL DISTRICT
OF THE CITY OF HAZEL PARK

Docket No. 167643. Argued on application for leave to appeal October 8, 2025. Decided March 5, 2026.

In January 2020, Warren Consolidated School District (Warren) filed an action in the Macomb Circuit Court against Hazel Park Schools (Hazel Park), seeking a declaratory judgment and asserting a claim of unjust enrichment related to pupil enrollment. According to Warren, beginning in 2008, Hazel Park enrolled pupils from within Warren's geographic boundaries without Warren's approval, contrary to MCL 388.1606(6) of the State School Aid Act (SSAA), MCL 388.1601 *et seq*. Warren alleged that because public school funding travels with the pupil, Hazel Park's actions deprived it of millions of dollars' worth of state funding. To ensure that each district receives the correct amount of funding, school districts must submit a pupil count and undergo an annual audit of their pupil accounting records, the results of which are submitted to the Michigan Department of Education (MDE). These audits are subject to the requirements set forth in the MDE's Pupil Membership Auditing Manual (PMAM), which provides a process for districts to appeal or challenge the results of an audit. Warren first challenged Hazel Park's enrollment practices in 2011 by filing an action in the Macomb Circuit Court. The court ultimately dismissed that action, concluding that Warren had failed to exhaust its administrative remedies because, under MCL 24.264, Warren should have raised its claims with the MDE in accordance with the appeal process outlined in the PMAM. In accordance with that decision, Warren attempted to challenge the MDE's audits of Hazel Park's membership counts spanning several years using the PMAM's appeal process. In a letter from the Assistant Director of its Office of Financial Management, the MDE initially stated that the appeal process outlined in the PMAM was available only to the audited district. The MDE recognized that Warren had alleged impropriety by Hazel Park, but it declined to issue a declaratory ruling until after conducting an investigation. Following the investigation, the MDE stated that there was no basis for further review and again declined to issue a declaratory ruling. In 2017, Warren filed a new lawsuit in the Macomb Circuit Court, raising the same issues as in its 2011 lawsuit. That court again granted summary disposition in favor of Hazel Park on the ground that Warren had failed to exhaust its administrative remedies; specifically, the court concluded that Warren should have appealed the Assistant Director's decision to the State Superintendent. Warren then attempted to appeal the Assistant Director's adverse decision to the State Superintendent. Because the time to appeal the adverse decision had expired, the Superintendent construed Warren's request as a request for a declaratory ruling under

Mich Admin Code, R 340.1352. The Superintendent declined Warren's request for a declaratory ruling, and Warren then filed the instant action in 2020. The court, James M. Maceroni, J., granted summary disposition in favor of Hazel Park on the ground that Warren had again failed to exhaust its administrative remedies; the court reasoned that Warren should have appealed the Superintendent's decision under MCL 24.301 instead of filing a direct action against Hazel Park. Warren appealed this decision, and in an unpublished per curiam opinion issued on December 2, 2021 (Docket No. 354240), the Court of Appeals, SWARTZLE, P.J., and CAVANAGH and GADOLA, JJ., vacated the trial court's order and remanded for further proceedings. On remand, the trial court again granted summary disposition in favor of Hazel Park, reasoning that (1) MCL 24.263 required Warren to appeal the MDE's decision, regardless of whether it was a contested case, and (2) the fact that the MDE had declined to issue a declaratory ruling did not affect that requirement. Warren appealed. In an unpublished per curiam opinion issued on August 22, 2024 (Docket No. 362948), the Court of Appeals, RIORDAN, P.J., and CAVANAGH and GARRETT, JJ., affirmed. The Court concluded that this case was controlled by *Human Rights Party v Mich Corrections Comm*, 76 Mich App 204, 210 (1977), which held that a refusal to issue a declaratory ruling under MCL 24.263 of the Administrative Procedures Act (APA), MCL 24.201 *et seq*., was subject to judicial review as an agency final decision or order in a contested case. The Court of Appeals therefore concluded that Warren was required to challenge the Superintendent's decision to not issue a declaratory ruling under MCL 24.263 by appealing that decision in the circuit court rather than by filing an independent action. Warren sought leave to appeal, and the Supreme Court ordered and heard oral argument on whether to grant Warren's application for leave to appeal or take other action. ___ Mich ___; 15 NW3d 598 (2025).

In a unanimous opinion by Justice WELCH, the Supreme Court, in lieu of granting leave to appeal, *held*:

Neither MCL 24.263 nor MCL 24.264 required Warren to appeal the MDE's decision not to issue a declaratory ruling through a petition for review under the APA. If an agency declines a party's request to issue a declaratory ruling under either MCL 24.263 or MCL 24.264, no appeal is required or available, and the requesting party is free to file a declaratory-judgment action in circuit court or pursue any other remedy to which they may be entitled. The lower courts erred by holding that Warren was required to appeal the MDE State Superintendent's decision declining to issue a declaratory ruling through a petition for review and by holding that Hazel Park was entitled to summary disposition on that basis; instead, Warren was entitled to seek a declaratory judgment in circuit court. The Court of Appeals judgment was reversed and the case was remanded to the Macomb Circuit Court for further proceedings. *Human Rights Party* and other Court of Appeals decisions inconsistent with the holding were overruled.

1. Although MCL 24.263 and MCL 24.264 both govern requests for declaratory rulings by agencies, they differ in two respects. First, they distinguish between declaratory decisions on the basis of their subject matter. MCL 24.263 applies to declaratory rulings regarding "the *applicability to an actual state of facts of a statute* administered by the agency or of a *rule* or *order* of the agency" (emphasis added), while MCL 24.264 applies only to declaratory actions regarding "the validity or applicability of a *rule*" (emphasis added). Second, each statute addresses a different procedural situation. MCL 24.263 provides that "[o]n request of an interested person, an agency may issue a declaratory ruling . . . ." If the agency does so, then that ruling "is subject to

judicial review in the same manner as an agency final decision or order in a contested case"—i.e., under the petition-for-review process created by the APA under MCL 24.303 through MCL 24.306. MCL 24.264, in contrast, describes when a "plaintiff" may file "an action for declaratory judgment" in "circuit court," not a petition for review. But MCL 24.264 includes an exhaustion requirement. The affected party must first "request[] the agency for a declaratory ruling." If the agency denies the request, or constructively denies it by failing to act expeditiously, then the party may commence a declaratory-judgment action. Unlike MCL 24.263, MCL 24.264 contains no language suggesting that the party must follow the APA petition-for-review process. Rather, the statutory language is clear that the party's next step is a typical declaratory-judgment action filed in circuit court. MCL 24.263 empowers agencies to issue binding declaratory rulings about the application of the law to facts, regardless of whether the law is governed by an order, rule, or statute. In contrast, MCL 24.264 applies to a subset of litigants affected by MCL 24.263—those seeking a declaratory judgment concerning the applicability of an agency's rules. From the inclusion of an exhaustion requirement in MCL 24.264, the more specific provision, it can be inferred that the Legislature did not intend to require exhaustion in MCL 24.263, the more general provision. The process MCL 24.263 creates for regulated parties to ask an agency for a declaratory ruling regarding the applicability of a statute, rule, or order to a set of facts is optional for the regulated party, which has no obligation to present a question to the agency before seeking judicial review. They may proceed immediately with a declaratory-judgment action in circuit court or seek any other legal remedy available to them. It is also optional for the agency, which has no obligation to issue a declaratory ruling on request. MCL 24.264, however, requires regulated parties seeking a declaratory decision regarding an agency's rule to first present their request to the agency. If such a request is actually or constructively denied, the party may then file a declaratory-judgment action in circuit court. When an agency issues a declaratory ruling under either MCL 24.263 or MCL 24.264, then the regulated party can obtain judicial review through a petition for review under the APA.

2. *Human Rights Party* was incorrectly decided. The Court of Appeals in *Human Rights Party* correctly concluded that the Legislature intended to allow a plaintiff to obtain judicial review after an agency declines their request for a declaratory ruling, but it erred by concluding that a decision by an agency to not issue a declaratory ruling is a final order that must be appealed through the APA's petition-for-review process. *Human Rights Party* erred by considering MCL 24.263 alone, rather than harmonizing it with MCL 24.264. Neither MCL 24.263 nor MCL 24.264 requires a party to appeal to the circuit court under the APA when a party has asked an agency to provide a declaratory ruling and the agency has refused to do so. A party can instead seek a declaratory judgment in circuit court. This conclusion is supported by the fact that issues regarding the meaning of statutes are more appropriately left to the courts. Additionally, subjecting decisions not to issue a declaratory ruling to appellate review under the APA would be unworkable as a practical matter. MCL 24.263 provides no standards for courts to assess whether an agency should have issued a requested declaratory ruling. Requiring appellate review under the APA of agency nondecisions would therefore place courts in an untenable position given that there will be little to nothing for those courts to consider. Accordingly, an agency's decision to decline to issue a declaratory ruling can be challenged in circuit court; a regulated party does not have to follow the APA petition-for-review process. *Human Rights Party* and subsequent Court of Appeals cases that relied on its holding that an agency's decision to decline to issue a declaratory ruling must be challenged through the APA's petition-for-review process were overruled.

3. In this case, Warren alleged that Hazel Park violated the SSAA by enrolling pupils that would have otherwise attended Warren's schools. Warren therefore raised a question about the application of a *statute* to specific facts, which meant that MCL 24.263 applied. Because MCL 24.263 is an optional procedure for regulated parties and agencies and does not require a plaintiff to first exhaust their administrative remedies before filing a declaratory-judgment action in circuit court, Warren was never required to seek a declaratory ruling from the MDE prior to filing its lawsuit. Alternatively, Warren also claimed that Hazel Park violated the PMAM. Assuming the relevant provision of the PMAM was a rule, then the result would have been the same: Warren was not required to appeal the MDE's declination decision before bringing suit in circuit court. Instead, Warren was entitled to seek declaratory relief directly in circuit court after the MDE declined Warren's request to issue a declaratory ruling. Under MCL 24.263, Warren was never required to appeal the MDE's denial of its request for a declaratory ruling. And under MCL 24.264, Warren requested a declaratory ruling and had that request denied; therefore, it also satisfied that provision's exhaustion requirement. Warren was not required to—and indeed, could not—appeal the agency's decision to not issue a declaratory ruling, and it was entitled to seek declaratory relief in circuit court.

Court of Appeals' judgment reversed; case remanded to the Macomb Circuit Court for further proceedings.

# OPINION

Chief Justice:
Megan K. Cavanagh

Justices:
Brian K. Zahra
Richard H. Bernstein
Elizabeth M. Welch
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood

FILED March 5, 2026

STATE OF MICHIGAN

SUPREME COURT

WARREN CONSOLIDATED SCHOOL
DISTRICT,

      Plaintiff-Appellant,

v

No. 167643

SCHOOL DISTRICT OF THE CITY OF
HAZEL PARK,

      Defendant-Appellee.

BEFORE THE ENTIRE BENCH

WELCH, J.

This case is about MCL 24.263 and MCL 24.264, the statutes that govern declaratory rulings issued by an agency. More accurately, the case is about the *absence* of such a ruling—i.e., what happens when an agency *declines* to issue a ruling after being requested to do so? Relying on the Court of Appeals' decision in *Human Rights Party v Mich Corrections Comm*, 76 Mich App 204, 210; 256 NW2d 439 (1977), the lower courts

in this case concluded that the requesting party must appeal such a decision through the petition-for-review process in the Administrative Procedures Act (APA), MCL 24.201 *et seq*. See MCL 24.303 through MCL 24.306. Because plaintiff Warren Consolidated School District (Warren) did not pursue this remedy, the lower courts dismissed its standalone declaratory judgment action.

We hold that Warren was not required to—and indeed, could not—appeal the agency's decision to not issue a declaratory ruling. Accordingly, we reverse the judgment of the Court of Appeals and remand to the Macomb Circuit Court for further proceedings.

## I. BACKGROUND

This appeal is only the latest chapter in a nearly 15-year-old school funding dispute between Warren and defendant Hazel Park Schools (Hazel Park). However, the merits of that dispute are not before the Court. The litigation here concerns only the method by which Warren has attempted to obtain judicial or administrative review of its claims against Hazel Park; our consideration is limited to these procedural questions.

Warren alleges that, beginning in 2008, Hazel Park enrolled pupils from within Warren's geographic boundaries without Warren's approval. Its complaint centers on an alternative education program run by a nonprofit called International Network for Vocational Education Skills Training, Inc. (INVEST) under contract with Hazel Park. The program allegedly targeted children from non-English-speaking (and particularly Chaldean) families. Warren claims that, through the INVEST program, Hazel Park enrolled students who would otherwise have attended Warren public schools. Given that

2

public school funding travels with the pupil, Warren alleges that Hazel Park's actions deprived it of millions of dollars' worth of state funding.

According to Warren, Hazel Park's actions violated the State School Aid Act (SSAA), MCL 388.1601 *et seq*. The specific provision at issue, MCL 388.1606(6), allows a school district to count a pupil residing outside of its boundaries for state funding purposes if the student's district of residence approves or if one of several enumerated exceptions applies. Warren has decidedly *not* given permission to Hazel Park. Thus, the dispute turns on the applicability of the exceptions. Hazel Park appears to have relied principally on the exception set forth in MCL 388.1606(6)(g), which applies to pupils "enrolled in an alternative education program" for various reasons, including having "previously dropped out of school." Warren argues that Hazel Park cannot rely on the exception because the students in question have not dropped out of school, alleging, for example, that some of the pupils in question were as young as six years old.

To ensure that each district receives the correct amount of funding, school districts must submit a pupil count and undergo an annual audit of their pupil accounting records, the results of which are submitted to the Michigan Department of Education (MDE). See MCL 388.1618(4). These audits are subject to the requirements set forth in the MDE's Pupil Membership Auditing Manual (PMAM). The PMAM provides a process for districts to appeal or challenge the results of an audit.[1]

---

[1] The MDE is required to review and update the PMAM regularly to ensure that it is consistent with current law. See MCL 388.1618(8). As a practical matter, the MDE publishes a new edition of the PMAM each year. Because of this, various versions of the

3

Warren began this litigation in 2011, filing suit against Hazel Park in Macomb Circuit Court.[2] It alleged that Hazel Park was violating the SSAA and sought a declaratory judgment, injunctive relief, and monetary damages under an unjust enrichment theory. After several years of litigation and discovery, the trial court granted summary disposition in favor of Hazel Park, concluding that Warren had failed to exhaust its administrative remedies. Citing MCL 24.264, it determined that Warren should have raised its claims with the MDE in accordance with the appeal process outlined in the PMAM.

Warren did not appeal the trial court's decision.[3] Instead, abiding by the reasoning provided by the trial court, it attempted to challenge the MDE's audits of Hazel Park's membership counts spanning several years using the PMAM's appeal process. The MDE

PMAM are applicable to the claims at issue here as Warren's claims against Hazel Park span multiple years.

[2] Notably, in *Detroit Pub Sch Bd of Ed v Romulus Community Sch Bd of Ed*, 227 Mich App 80; 575 NW2d 90 (1997), the Court of Appeals allowed one school district to directly sue another district to enjoin similar alleged student poaching. There, the Court of Appeals concluded that the plaintiff district had standing to sue; however, unlike in this case, it does not appear that the defendant claimed that the plaintiff had failed to exhaust its administrative remedies.

[3] Had Warren appealed at this point, an appellate court might have concluded that MCL 24.263 and MCL 24.264 do not apply to this case at all. Both provisions concern requests for a declaratory ruling made to *an agency*. They make no reference to declaratory judgment suits between *private parties*. As this is—and has always been—a lawsuit between Warren and Hazel Park, we question whether these statutes should have been invoked in the first place. While it may have been necessary to involve the MDE to award Warren the relief it requested, this might have been resolved by joining the MDE as a defendant. See MCR 2.205(A). Unfortunately, this case does not present us with the opportunity to clarify what would have been the proper procedure for Warren to follow because the parties have litigated this case for years under the assumption that the MCL 24.263 and MCL 24.264 framework applies.

4

responded to Warren's request in an April 19, 2016 letter from the Assistant Director of its Office of Financial Management, stating that the appeal process outlined in the PMAM was only available to the *audited district*. It acknowledged that Warren had alleged impropriety by Hazel Park, but the MDE "decline[d] to issue a declaratory ruling" until an investigation was completed. Later that year, on October 18, 2016, the MDE sent Warren another letter, reporting that the investigation had ended with the conclusion that there was "no basis for further review of this matter." The MDE again declined to issue a declaratory ruling.

In its October 18 letter, the MDE provided several reasons why it declined to issue a declaratory ruling: (1) there was "no relief available from the Department" because state aid funds could not be awarded to a district that did not educate the children, (2) there were questions of fact as to each child that could not be resolved through the declaratory ruling process, (3) Warren's declaratory judgment request circumvented the MDE's policy that a district could not seek review of another district's pupil-membership count, (4) Warren did not have standing to file an administrative appeal regarding Hazel Park, and (5) the issues of what constitutes a "dropout" and an "alternative education program" could not be resolved through the declaratory ruling process. The MDE further noted that it reviews the PMAM each year with stakeholder input, and that process was better suited to addressing a determination on the key issues raised by Warren. Finally, the MDE noted that any changes would likely provide prospective relief only.

Warren then went back to court and filed a new lawsuit in 2017, raising the same issues as in its 2011 suit. In an August 2019 decision, the trial court again granted summary disposition in favor of Hazel Park on the ground that Warren had failed to exhaust its

5

administrative remedies. The trial court faulted Warren for not appealing the Assistant Director's adverse October 18, 2016 decision to the State Superintendent, and thereby failing to completely exhaust the administrative process.

As directed by the trial court, Warren then attempted to appeal the Assistant Director's response to the State Superintendent, who again denied relief in a January 8, 2020 letter. Noting that the time for Warren to appeal the previous MDE decision had run, the Superintendent construed Warren's request as a "request for a declaratory ruling pursuant to the department's applicable administrative rule (Mich Admin Code, R 340.1352)." The Superintendent proceeded to decline Warren's request to issue such a ruling for the reasons previously articulated by the Assistant Director.

After receiving this denial, Warren went back to court and filed this lawsuit against Hazel Park on January 28, 2020. The two-count complaint included claims for a declaratory judgment and unjust enrichment. On June 29, 2020, the trial court granted summary disposition for Hazel Park on the ground that Warren had, yet again, failed to exhaust its administrative remedies. This time, it said that Warren's mistake was filing a direct action against Hazel Park, rather than filing an appeal (also known as a petition for review) of the Superintendent's decision pursuant to MCL 24.301.

Warren appealed this decision, and the Court of Appeals vacated the trial court's order and remanded for further proceedings. *Warren Consol Sch Dist v Hazel Park Sch Dist*, unpublished per curiam opinion of the Court of Appeals, issued December 2, 2021 (Docket No. 354240). Raising the issue for the first time in its appellate reply brief, Warren argued that MCL 24.301 did not apply because the proceedings before the MDE did not involve a "contested case" within the meaning of that statute. "[D]eem[ing] this issue to

6

be of significant importance," the Court of Appeals sent the case back to the trial court to allow it to consider the question in the first instance. *Id*. at 5. The Court acknowledged that Hazel Park had argued that Warren's case was governed by MCL 24.263, and therefore (according to Hazel Park) "subject to judicial review in the same manner as an agency final decision or order in a contested case." *Id*. However, the Court of Appeals declined to decide that argument.

On remand, the trial court rejected Warren's "contested case" argument and once again concluded that it should have filed a petition for review. It agreed with Hazel Park that MCL 24.263 required Warren to appeal the MDE's decision, regardless of whether it was a contested case. It also concluded that the fact that the MDE had declined to issue a declaratory ruling did not affect that requirement. For this proposition, it cited the Court of Appeals' decision in *Human Rights Party*, 76 Mich App at 210, which concluded that "a refusal to issue a declaratory ruling under [MCL 24.263] is subject to judicial review as an agency final decision or order in a contested case."

Warren appealed again, but this time the Court of Appeals affirmed. *Warren Consol Sch Dist v Hazel Park Sch Dist*, unpublished per curiam opinion of the Court of Appeals, issued August 22, 2024 (Docket No. 362948). Like the trial court, the Court of Appeals relied on *Human Rights Party*, stating that "[w]e see no meaningful difference between this case and *Human Rights Party* . . . ." *Id*. at 7.[4] On this basis, it concluded that "plaintiff

---

[4] The Court of Appeals acknowledged that *Human Rights Party* was not binding precedent pursuant to MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990 . . . ."), but pointed out that it had been cited with approval in a binding

was required to appeal to the circuit court the superintendent's decision not to issue a declaratory ruling. Instead, plaintiff filed a new action raising essentially the same claims, and the circuit court correctly determined that it lacked subject-matter jurisdiction and dismissed the matter under MCR 2.116(C)(4)." *Id*.

After this loss, Warren sought leave to appeal in this Court. We granted oral argument on the application and directed the parties to address:

> (1) whether the Macomb Circuit Court erred in concluding that MCL 24.263 of the [APA] required the plaintiff to appeal the State Superintendent's act of declining to issue a declaratory ruling to the circuit court, see MCL 24.263; *Human Rights Party v Mich Corrections Comm*, 76 Mich App 204 (1977); and (2) whether an agency's act of declining to issue a declaratory ruling enables a litigant to pursue a declaratory-judgment action in circuit court under MCL 24.264, see *Huron Valley Sch v Secretary of State*, 266 Mich App 638, 646[; 702 NW2d 862] (2005); *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 51[; 620 NW2d 546] (2000). [*Warren Consol Sch Dist v Hazel Park Sch Dist*, ___ Mich ___, ___; 15 NW3d 598, 598 (2025).]

## II. STANDARD OF REVIEW

This case presents questions of statutory interpretation and requires us to determine whether the trial court properly granted summary disposition. We review both issues de novo. *Daher v Prime Healthcare Servs-Garden City, LLC*, 515 Mich 254, 261; 29 NW3d 136 (2024). When interpreting a statute, our objective "is to discern and give effect to the Legislature's intent as expressed in the words of the statute." *Pohutski v Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). "In so doing, we examine the statute as a whole,

---

case, *Standifer v Dep't of Corrections*, 187 Mich App 388, 390; 468 NW2d 241 (1990). *Warren Consol Sch Dist*, unpub op at 7.

reading individual words and phrases in the context of the entire legislative scheme." *Batista v Office of Retirement Servs*, 515 Mich 283, 297-298; 29 NW3d 115 (2024) (quotation marks and citations omitted). "Each word and phrase in a statute must be assigned such meanings as are in harmony with the whole of the statute, construed in light of history and common sense." *Honigman Miller Schwartz & Cohn LLP v Detroit*, 505 Mich 284, 295; 952 NW2d 358 (2020) (quotation marks and citation omitted).

## III. DISCUSSION

Although the procedural history in this case is complicated, the issue before us is narrow: Was Warren required to challenge the State Superintendent's decision declining to issue a declaratory ruling through a petition for review under the APA? Or was it permitted to file a new declaratory judgment action in circuit court? Relatedly, we must consider whether the Court of Appeals' decision in *Human Rights Party*—which held that the failure of an agency to render a decision must be appealed through the petition-for-review process—was correctly decided. Answering that question requires us to examine MCL 24.263 and MCL 24.264, the APA provisions regarding declaratory rulings.

## A. MCL 24.263 AND MCL 24.264

MCL 24.263 and MCL 24.264 govern requests for declaratory rulings by agencies. MCL 24.263 states:

> On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency. An agency shall prescribe by rule the form for such a request and procedure for its submission, consideration and disposition. A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by any court. An agency may not retroactively change a declaratory ruling, but nothing in this subsection prevents an agency from prospectively changing a

9

declaratory ruling. A declaratory ruling is subject to judicial review in the same manner as an agency final decision or order in a contested case.

MCL 24.264, in turn, provides:

Unless an exclusive procedure or remedy is provided by a statute governing the agency, the validity or applicability of a rule . . . may be determined in an action for declaratory judgment if the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff. . . . The agency shall be made a party to the action. An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously. This section shall not be construed to prohibit the determination of the validity or applicability of the rule in any other action or proceeding in which its invalidity or inapplicability is asserted.

Though both statutes concern a regulated party's ability to obtain a declaration regarding their legal obligations, they differ in two important respects. *First*, they distinguish between declaratory decisions on the basis of their subject matter. MCL 24.263 applies to declaratory rulings regarding "the *applicability to an actual state of facts of a statute* administered by the agency or of a *rule* or *order* of the agency" (emphasis added), while MCL 24.264 applies only to declaratory actions regarding "the validity or applicability of a *rule*" (emphasis added). The distinction can be very easy to miss.[5] One concerns the application of a statute, rule, or order to a specific state of facts (MCL 24.263); the other concerns the impact of rules only (MCL 24.264).

---

[5] We cited two Court of Appeals cases in our oral argument order—*Huron Valley Sch*, 266 Mich App at 646, and *Citizens for Common Sense in Gov't*, 243 Mich App at 51—both of which applied MCL 24.264 to parties seeking a declaration regarding the applicability of a *statute*. As outlined more below, because of this mistake, the Court of Appeals in those cases wrongly imposed MCL 24.264's exhaustion requirement on the parties.

*Second*, each statute addresses a different procedural situation. MCL 24.263 provides that "[o]n request of an interested person, *an agency may issue* a declaratory ruling . . . ." (Emphasis added.) If the agency does so, then that ruling "is subject to judicial review in the same manner as an agency final decision or order in a contested case"—i.e., under the petition-for-review process created by the APA under MCL 24.303 through MCL 24.306. This means that "[t]he review shall be conducted by the court without a jury and shall be confined to the record," MCL 24.304(3), and the agency's ruling is subject to the deferential standard of review set forth in MCL 24.306(1).

MCL 24.264, in contrast, describes when a "*plaintiff*" may file "*an action for declaratory judgment*" in "*circuit court*," not a petition for review. (Emphasis added.) But MCL 24.264 includes an exhaustion requirement. The affected party must "request[] the agency for a declaratory ruling"—language that tracks MCL 24.263. If the agency denies the request, or constructively denies it by failing to act expeditiously, then the party may commence a declaratory judgment action. Unlike MCL 24.263, MCL 24.264 contains no language suggesting that the party must follow the APA petition-for-review process at this point. Rather, the statutory language is clear that the party's next step is a typical declaratory judgment action filed in circuit court.

Having outlined the differences between MCL 24.263 and MCL 24.264, we must consider how these provisions work together. MCL 24.263 empowers agencies to issue binding declaratory rulings about the application of the law to facts—regardless of whether the law is governed by an order, rule, or statute. MCL 24.264 applies to a subset of litigants affected by MCL 24.263—those seeking a declaratory judgment concerning the

11

applicability of an agency's *rules*.[6]  It allows these litigants to file declaratory judgment actions in circuit court, but it requires them to first request a declaratory ruling from the agency in question pursuant to MCL 24.263.

Looking at the provisions together helps us understand how the Legislature intended this statutory scheme to function.  For example, MCL 24.264 does not expressly address what happens when an agency grants a party's request for a declaratory ruling.  However, MCL 24.263—which grants agencies the authority to issue declaratory rulings in the first place—provides the answer.  The ruling "is subject to judicial review in the same manner as an agency final decision or order in a contested case."  MCL 24.263.  It is logical that

---

[6] MCL 24.264 also allows plaintiffs to request a declaratory ruling as to the *validity* of a rule, but MCL 24.263 does not expressly empower agencies to issue such a ruling.  Don LeDuc, the former President and Dean of Cooley Law School, argued that regulated parties are not required to request such a declaration because "[MCL 24.263] does not authorize an agency to issue a declaratory ruling on the validity o[f] a rule, so there is nothing to exhaust."  LeDuc, Michigan Administrative Law (2025 ed), § 8:13, p 619.  The Court of Appeals has expressed uncertainty about whether LeDuc's position is correct.  Compare *Mich Farm Bureau v Dep't of Environmental Quality*, 292 Mich App 106, 119 n 7; 807 NW2d 866 (2011) (citing LeDuc's treatise with approval), with *Mich Farm Bureau v Dep't of Environment, Great Lakes, & Energy*, 343 Mich App 293, 317; 997 NW2d 467 (2022) (disavowing LeDuc's view and concluding that "[t]he prerequisite in MCL 24.264 to commencing a declaratory-judgment action cannot be ignored even if an agency is unlikely to find its own rules invalid"), aff'd in part and vacated in part 515 Mich 481 (2024).  We received briefing on this issue in a recent case, see *3M Co v Dep't of Environment, Great Lakes, & Energy*, ___ Mich ___, ___; 13 NW3d 320 (2024) (directing the parties to file supplemental briefs to address "whether the plaintiff-appellee failed to exhaust its administrative remedies by not requesting a declaratory ruling from the agency as to the validity of the challenged rule before commencing this lawsuit, MCL 24.264"), but ultimately declined to resolve it, *3M v Dep't of Environment, Great Lakes, & Energy*, ___ Mich ___; 17 NW3d 682 (2025).  This question is worthy of an answer; however, this case does not present the opportunity to provide one given that Warren does not challenge the *validity* of any MDE rules.

12

the Legislature would have written the statute this way. If declaratory rulings were not subject to the same judicial review procedures as other agency decisions, it would discourage agencies from exercising their discretion to issue such decisions and create the potential for gamesmanship by regulated parties seeking to avoid the APA petition-for-review process. See MCL 24.303 through MCL 24.306.

Taking a step further, we can also infer from the Legislature's inclusion of an exhaustion requirement in the specific provision—MCL 24.264—that it did not intend to require exhaustion in the general one—MCL 24.263. As explained by the late Cooley Law School President and Dean Don LeDuc in his Michigan Administrative Law treatise:

> [MCL 24.263] gives agencies the permissive authority to issue declaratory rulings regarding the applicability of a statute or a rule administered by an agency. [MCL 24.264] explicitly requires exhaustion of the [MCL 24.263] declaratory ruling provision only for actions challenging the validity or applicability of a rule. This eliminates the exhaustion requirement regarding issues involving the validity or applicability of a statute, likely because issues regarding the meaning of statutes are more appropriately left to the courts and the validity of statutes is an issue reserved for the judicial branch. The language of [MCL 24.264] imposes the exhaustion requirement only when the action is brought "under this section," meaning [MCL 24.264], which applies only to the validity or applicability of rules. [LeDuc, Michigan Administrative Law (2025 ed), § 8:11, p 612.]

We agree with Dean LeDuc's view of how MCL 24.263 and MCL 24.264 operate. MCL 24.263 allows regulated parties to ask an agency for a declaratory ruling regarding the applicability of a statute, rule, or order to a set of facts. This process is optional for the regulated party, who has no obligation to present a question to the agency before seeking judicial review. They may proceed immediately with a declaratory judgment action in circuit court, see MCR 2.605; *League of Women Voters of Mich v Secretary of State*, 506 Mich 561, 585-586; 957 NW2d 731 (2020), or seek any other legal remedy available to

13

them.  It is also optional for the agency, which has no obligation to issue a declaratory ruling on request.  MCL 24.264, however, *requires* regulated parties seeking a declaratory decision regarding an agency's *rule* to first present their request to the agency.  If such a request is actually or constructively denied, the party may then file a declaratory judgment action in circuit court.  When an agency issues a declaratory ruling under either MCL 24.263 or MCL 24.264, then the regulated party can obtain judicial review under the APA.

### B.  *HUMAN RIGHTS PARTY* WAS INCORRECTLY DECIDED

The Court of Appeals in this case relied on *Human Rights Party* when it held that Warren was required to challenge the MDE's decision to not issue a declaratory ruling under MCL 24.263 through a petition for review under the APA and thus could not seek direct declaratory relief in the circuit court.  In *Human Rights Party*, the Court of Appeals considered the issue in this case: what happens when a party requests a declaratory ruling from an agency pursuant to MCL 24.263, and the agency declines to provide an answer? The Court concluded that the party must challenge that declination through a petition for review.

In that case, the plaintiff sought a declaratory ruling regarding "the applicability of various statutes governing the administration of prisons to prison overcrowding."  *Human Rights Party*, 76 Mich App at 206-207 (citations omitted).  The Michigan Department of Corrections refused to issue the requested ruling, claiming that it "lacked authority" to do so. *Id*. at 207.  The Court of Appeals held "that a refusal to issue a declaratory ruling under [MCL 24.263] is subject to judicial review as an agency final decision or order in a contested case." *Id*. at 210.  As a result, the declination decision had to be appealed to the

14

circuit court through the APA petition-for-review process, with its attendant procedural limitations. See *id.*, citing MCL 24.303, MCL 24.304, and MCL 24.306. Accordingly, the Court of Appeals concluded that "the trial court would be in error in reviewing *de novo* and using a jury to assist it" or considering materials outside the administrative record. *Id.* In reaching its conclusion, it reasoned "that the intent of the Legislature in establishing this declaratory ruling provision is to afford judicial review of an agency's refusal to make any ruling," *id.* at 209, and pointed out that MCL 24.263 had no language prohibiting judicial review, *id.* at 210.

We agree with the Court of Appeals' conclusion in *Human Rights Party* that the Legislature intended to allow plaintiffs to obtain judicial review after an agency declines their request for a declaratory ruling. However, we disagree with its conclusion that a decision by an agency to not issue a declaratory ruling is a final order that must be appealed through the APA's petition-for-review process. *Human Rights Party* erred by considering MCL 24.263 alone, rather than harmonizing it with MCL 24.264.

MCL 24.263 is clear that an agency's decision to issue a declaratory ruling is discretionary ("[A]n agency *may* issue a declaratory ruling . . . ."). (Emphasis added.) As a result, an agency can refuse to issue a requested ruling. If the refused request concerns the application of a rule, then MCL 24.264 is equally clear that the regulated party can file an action for declaratory judgment in circuit court under the normal rules for civil cases. The trouble is that MCL 24.263 does not specify what should happen when an agency declines to issue a declaratory ruling that would not fall under MCL 24.264. This was the situation in *Human Rights Party*, because the requested ruling there concerned the application of *statutes*—not *rules*. *Human Rights Party*, 76 Mich App at 211. The Court

15

of Appeals filled the gap by holding that a plaintiff must appeal an agency's refusal to provide declaratory relief under MCL 24.263 using the APA's petition-for-review process. See *id*. at 209-210. But considered alongside the procedures outlined in MCL 24.264, this result makes little sense.

As a practical matter, *Human Rights Party* requires that statutory and rule-based claims are treated differently in circuit court when agencies refuse to issue a declaratory ruling. This would mean that statutory claims are subject to a much more limited APA petition-for-review process, while claims regarding rules would be able to proceed under the usual rules of civil procedure for declaratory judgment actions. We do not believe that the Legislature intended to create such a dichotomy. Instead, we hold that neither MCL 24.263 nor MCL 24.264 requires a party to appeal to the circuit court under the APA when a party has asked for an agency to provide a declaratory ruling and it has refused to do so. A party can instead seek a declaratory judgment in circuit court.

Our conclusion is supported by the fact that "issues regarding the meaning of statutes are more appropriately left to the courts . . . ." LeDuc, § 8:11, p 612. Cf. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008) (noting that agencies' interpretations of statutes deserve respectful consideration but do not bind courts). It would not make sense for the Legislature to require a court to review a challenge to a statute in a more deferential manner than a challenge to an agency rule.

Additionally, subjecting decisions not to issue a declaratory ruling to appellate review under the APA would be unworkable as a practical matter. MCL 24.263 provides no standards for courts to assess whether an agency should have issued a requested declaratory ruling. If anything, it does just the opposite by imposing no textual limits on

16

an agency's discretion to issue such a ruling. Moreover, many of the factors that may lead an agency to decline to issue a declaratory ruling will not be easily susceptible to appellate review. For example, how should a reviewing court weigh an agency's assertion that it declined to issue a ruling because of staffing constraints or, like here, a claim by the MDE that it needed broader input to decide the definition of a "dropout"? Of course, an agency might provide no explanation of its reason for declining to make a ruling—MCL 24.263 does not require it to do so. And rarely, if ever, will an agency's decision to not issue a declaratory ruling be supported by a factual record. Requiring appellate review under the APA of agency nondecisions would place courts in an untenable position given that there will be little to nothing for those courts to consider.

*Human Rights Party* acknowledged this problem. See *Human Rights Party*, 76 Mich App at 211 ("The difficulty in the present case is that there is no record from the administrative agency. The circuit court would have no way of ascertaining the merits of plaintiff's claims."). However, it suggested that a remand to the agency for further proceedings, such as "a hearing to facilitate its judicial review," would solve the problem. *Id*. This too, would be untenable. As Dean LeDuc persuasively argued, requiring agencies to conduct further proceedings on remand undermines the Legislature's stated intention to make issuing declaratory rulings *discretionary* for agencies:

> Under [*Human Rights Party*'s] reasoning, when a potential plaintiff requests a declaratory ruling, an agency's refusal turns that request into a requirement that an agency hold a contested case hearing on the matter at issue. Since there may be no actual state of facts resembling the plaintiff's view, the interpretation of these two sections by the Court of Appeals has converted the process for using the declaratory ruling/declaratory judgment vehicle, where there should be no facts at issue, into a vehicle for forcing a fact-finding hearing—a contested case—where neither an underlying statute nor

17

> due process calls for one. The plaintiffs in these cases had no right to [a] hearing. It is not the intent of [MCL 24.263 and MCL 24.264] to provide that hearing. [LeDuc, § 8:12, p 616.]

In short, *Human Rights Party*'s reading of MCL 24.263 has the perverse result of forcing agencies to conduct additional and unnecessary proceedings after an agency has declined to issue a ruling. Further, it fails to serve regulated parties, who are deprived of their ability to make their claims in court.

Accordingly, we overrule *Human Rights Party* and subsequent Court of Appeals cases that relied on its holding that an agency's decision to decline to issue a declaratory ruling must be challenged through the APA's petition-for-review process.[7] An agency's decision to decline to issue a declaratory ruling can be challenged in circuit court; a regulated party does not have to follow the APA petition-for-review process.

## C. APPLICATION

Having described the framework for requesting a declaratory ruling under MCL 24.263 and MCL 24.264, we now apply it to the present case. Given the convoluted path this dispute has taken over the past 14—almost 15—years, this is not an easy task.

This litigation did not start with a request to an agency for a declaratory ruling. Instead, at the beginning of this dispute in 2011, Warren sued Hazel Park directly and sought a declaratory judgment stating that Hazel Park's conduct violated the SSAA and

---

[7] In addition to *Standifer*, 187 Mich App 388, which we discussed in note 4 of this opinion, these cases include *Greenbriar Convalescent Ctr, Inc v Dep't of Pub Health*, 108 Mich App 553, 561; 310 NW2d 812 (1981); *Health Central v Comm'r of Ins*, 152 Mich App 336, 343; 393 NW2d 625 (1986); and *Bentley v Dep't of Corrections*, 169 Mich App 264, 272; 425 NW2d 778 (1988).

the MDE's PMAM. In its initial motion for summary disposition, Hazel Park claimed that Warren was first required to seek a declaratory ruling from the MDE and that Warren had failed to comply with MCL 24.264's exhaustion requirement. The trial court initially rejected this argument, correctly noting that "MCL 24.264 only requires a party to request a declaratory ruling from the agency when it regards the validity or applicability of a rule. In this matter, plaintiff requests declaratory judgment regarding the interpretation and applicability of a statute." It also pointed out that Rule 340.1352—the MDE rule implementing MCL 24.263's requirement that "[a]n agency shall prescribe by rule the form for [a request for a declaratory ruling]"—uses permissive, rather than mandatory, language. However, the trial court later changed course and granted Hazel Park's subsequent motion for summary disposition on the ground that Warren failed to comply with *MCL 24.264* because it failed to challenge the MDE's audit findings through the appeal procedures set out in the PMAM. This led Warren to request a declaratory ruling from the MDE, starting the process that resulted in this appeal.

Warren alleges that Hazel Park violated the SSAA, and specifically MCL 388.1606(6), by enrolling pupils that would have otherwise attended Warren's schools. Thus, Warren has raised a question about the application of a *statute* to specific facts, which means that we look to MCL 24.263. But, as noted above, MCL 24.263 is an optional procedure for regulated parties and agencies and does not require a plaintiff to first exhaust their administrative remedies prior to filing a declaratory judgment action in circuit court. As a result, Warren was never required to seek a declaratory ruling from the MDE prior to filing its lawsuit.

19

Alternatively, Warren also claims that Hazel Park violated a rule, specifically the PMAM. Assuming the relevant provision of the PMAM is a rule, then the result would be the same: Warren was not required to appeal the MDE's declination decision before bringing suit in circuit court. As described above, MCL 24.264 allows a plaintiff to file a declaratory judgment action after their request for a declaratory ruling is denied. Here, Warren's request was denied twice—initially by the Assistant Director, and again by the State Superintendent after the trial court held that Warren had to completely exhaust its administrative remedies. Regardless of whether the first denial satisfied Warren's obligations under MCL 24.264,[8] or whether it was required to appeal the refusal to issue a decision to the State Superintendent, the MDE undisputably denied Warren's request for a declaratory ruling before Warren filed this lawsuit.[9]

---

[8] This question is harder than it might seem because Warren—as required by the trial court—styled its requests to the MDE as appeals of Hazel Park's audited pupil-membership counts, rather than following the MDE's established process for requesting a declaratory ruling under Rule 340.1352. Unfortunately, confusion of this type is common in APA cases. Hopefully this decision will provide clarity for future parties and make clear that they must follow an agency's established procedures for requesting a declaratory ruling. See MCL 24.263.

[9] Although Warren sought a declaratory ruling from the MDE and was instructed by the trial court that it had to exhaust its administrative remedies prior to pursuing its lawsuit against Hazel Park, it has not named the MDE as a party to this lawsuit. MCL 24.263 states that "[o]n request of an interested person, *an agency may issue* a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency." (Emphasis added.) And then, as we held above, a party can file a declaratory judgment action in circuit court if the agency declines to issue a ruling. In this case, Warren is suing Hazel Park. It has not sued the MDE. Whether Warren has violated MCL 24.264's requirement that "[t]he agency shall be made a party to the action" is a question that can be addressed on remand. We do not consider it here.

In summary, neither MCL 24.263 nor MCL 24.264 required Warren to appeal the MDE's decision not to issue a declaratory ruling through a petition for review under the APA. Warren was entitled to seek declaratory relief directly in circuit court. Specifically, the State Superintendent declined Warren's request to issue a declaratory ruling in his January 8, 2020 letter. Under MCL 24.263, Warren was never required to appeal the MDE's denial of its request for a declaratory ruling. And under MCL 24.264, Warren requested a declaratory ruling and had that request denied; thus, it satisfied that provision's exhaustion requirement. Hazel Park might well have other defenses against Warren's claims; however, we reject the trial court's stated reason for granting summary disposition.

## IV. CONCLUSION

MCL 24.263 creates an optional procedure for regulated parties to seek declaratory rulings from administrative agencies regarding the application of a statute, rule, or order to specific facts. MCL 24.264 requires a party challenging or questioning the application of an agency rule to first seek a declaratory ruling from the agency. In either case, if the agency issues a declaratory ruling, the regulated party may appeal it through an APA petition for review. However, if the agency declines to issue a declaratory ruling, no appeal is required or available. The requesting party is free to file a declaratory judgment action in circuit court or pursue any other remedy to which they may be entitled. *Human Rights Party* and other Court of Appeals decisions inconsistent with this holding are overruled.

The lower courts here erred by holding that Warren was required to appeal the MDE State Superintendent's decision declining to issue a declaratory ruling through the petition-for-review process and by holding that Hazel Park was entitled to summary disposition on

21

this basis. The MDE's decision does not preclude Warren from seeking a declaratory judgment in circuit court.

Accordingly, we reverse the judgment of the Court of Appeals and remand this case to the Macomb Circuit Court for further proceedings. We do not retain jurisdiction.

Elizabeth M. Welch
Megan K. Cavanagh
Brian K. Zahra
Richard H. Bernstein
Kyra H. Bolden
Kimberly A. Thomas
Noah P. Hood
